HONORABLE ROBERT J. BRYAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

Plaintiff,

v.

KING COUNTY, WASHINGTON; DOW CONSTANTINE, in his official capacity as King County Executive,

Defendants.

Case No.  2:20-cv-203 RJB

**DEFENDANTS KING COUNTY AND DOW CONSTANTINE'S ANSWER TO COMPLAINT**

Defendants King County, Washington and Dow Constantine by and through their attorneys, for their answer to Plaintiff United States of America's complaint, state as follows:

**PRELIMINARY STATEMENT**

1. Defendants admit that Dow Constantine signed the "King County International Airport—Prohibition on immigration deportations" (the Airport EO) on or about April 23, 2019. Defendants admit that a copy of the Airport EO is attached to the complaint as Exhibit A. The remainder of the allegations in paragraph 1 constitute Plaintiff's characterization of its complaint and legal conclusions to which no response is required.  To the extent a response is required, Defendants state that the Airport EO says what it says, and deny any remaining allegations.

2. The allegations in paragraph 2 constitute a legal conclusion to which no response is

DEFENDANTS' ANSWER TO COMPLAINT- 1
(Case No. 2:20-cv-203 RJB)

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

1  required.  To the extent a response is required, Defendants deny any factual allegations contained
2  in paragraph 2.
3       3.      The allegations in paragraph 3 constitute a legal conclusion to which no response is
4  required.  To the extent Plaintiff characterizes the Airline Deregulation Act, 49 U.S.C. §
5  41713(b)(1) (ADA), the statute says what it says, and no further response is required.  To the
6  extent a response is required, Defendants deny any factual allegations in paragraph 3, and that the
7  Airport EO is preempted by the ADA.
8       4.      The allegations in paragraph 4 characterize the Airport EO, which says what it says.
9  Defendants admit that a copy of the Airport EO is attached to the complaint as Exhibit A, and that
10 the quoted language in paragraph 4 appears in the Airport EO.  Defendants deny any other
11 allegations contained in paragraph 4.
12      5.      The allegations in paragraph 5 characterize the Airport EO, which says what it says.
13 Defendants admit that a copy of the Airport EO is attached to the complaint as Exhibit A, and that
14 the quoted language in paragraph 5 appears in the Airport EO.  Defendants deny any other
15 allegations contained in paragraph 5.
16      6.      Defendants deny the allegations in the first sentence of paragraph 6.  Defendants
17 lack sufficient knowledge to either admit or deny the allegations in the second sentence of
18 paragraph 6, and therefore deny the same.
19      7.      Defendants deny the allegations in the first and second sentences of paragraph 7.
20 The allegations in the third sentence of paragraph 7 constitute a legal conclusion to which no
21 response is required.  To the extent a response is required to the third sentence of paragraph 7,
22 Defendants deny the allegations contained therein.
23      8.      The allegations in paragraph 8 constitute legal conclusions to which no response is
24 required.  To the extent a response is required, Defendants deny Plaintiff's allegations in
25 paragraph 8.

DEFENDANTS' ANSWER TO COMPLAINT- 2
(Case No. 2:20-cv-203 RJB)

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

**JURISDICTION & VENUE**

9. The allegations in paragraph 9 constitute a legal conclusion to which no response is required.

10. The allegations in paragraph 10 constitute a legal conclusion to which no response is required. However, Defendants admit that venue is appropriate in this judicial district.

11. The allegations in paragraph 11 constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny Plaintiff's allegation that the Court has authority, on the facts pled by Plaintiff, to grant the relief sought in the complaint.

**PARTIES**

12. Defendants lack sufficient information to either admit or deny the allegations in paragraph 12, and therefore deny the same.

13. Defendants admit that King County is a political subdivision of the State of Washington and the owner of the King County International Airport, also known as Boeing Field. Defendants admit that a copy of the Instrument of Transfer is attached to the complaint as Exhibit B. Except as so admitted, Defendants deny the allegations in paragraph 13.

14. Defendants admit the allegations in paragraph 14.

**FEDERAL IMMIGARATION LAW**

15. The allegations in paragraph 15 constitute a characterization of the United States Constitution, which says what it says and to which no further response is required.

16. The allegations in paragraph 16 constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny any factual allegations contained in paragraph 16.

17. The allegations in paragraph 17 constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny any factual allegations contained in paragraph 17.

DEFENDANTS' ANSWER TO COMPLAINT- 3
(Case No. 2:20-cv-203 RJB)

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

18. The allegations in paragraph 18 constitute legal conclusions to which no response is required. To the extent any response is required, Defendants deny any factual allegations contained in paragraph 18. Further, to the extent the allegations in paragraph 18 also purport to characterize congressional intent in enacting the Immigration and Nationality Act, 8 U.S.C. § 1101 et seq., Defendants lack sufficient information to either admit or deny those allegations, and therefore deny the same.

19. The allegations in paragraph 19 constitute a legal conclusion to which no response is required. To the extent a response is required, Defendants deny any factual allegations contained in paragraph 19.

## ICE'S RESPONSIBILITY TO TRANSPORT IMMIGRATION DETAINEES

20. Defendants lack sufficient information to either admit or deny the allegations in paragraph 20, and therefore deny the same.

21. Defendants lack sufficient information to either admit or deny the allegations in paragraph 21, and therefore deny the same.

## THE AIRLINE DEREGULATION ACT

22. The allegations in paragraph 22 constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny any factual allegations contained in paragraph 22.

23. The allegations in paragraph 23 constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny any factual allegations contained in paragraph 23. Further, to the extent the allegations in paragraph 23 also purport to characterize congressional intent in enacting the ADA, Defendants lack sufficient information to either admit or deny those allegations.

24. The allegations in paragraph 24 constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny any factual allegations contained

DEFENDANTS' ANSWER TO COMPLAINT- 4
(Case No. 2:20-cv-203 RJB)

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

in paragraph 24.

## THE AIRPORT EXECUTIVE ORDER

25. Defendants admit that Dow Constantine signed the Airport EO on or about April 23, 2019.

26. The allegations in paragraph 26 purport to characterize the Airport EO, which says what it says and to which no further response is required. Defendants admit that a copy of the Airport EO is attached to the complaint as Exhibit A, and that the quoted language in paragraph 26 appears in the Airport EO, though in a different sequence. Defendants deny all other allegations contained in paragraph 26.

27. The allegations in paragraph 27 purport to characterize the Airport EO, which says what it says and to which no further response is required. Defendants admit that a copy of the Airport EO is attached to the complaint as Exhibit A, and that the quoted language in paragraph 27 appears in the Airport EO. Defendants deny all other allegations contained in paragraph 27.

28. The allegations in paragraph 28 purport to characterize the Airport EO, which says what it says and to which no further response is required. Defendants admit that a copy of the Airport EO is attached to the complaint as Exhibit A, and that the quoted language in paragraph 28 appears in the Airport EO. Defendants deny all other allegations contained in paragraph 28.

29. The allegations in paragraph 29 characterize the referenced article, which says what it says and to which no further response is required. Defendants deny all other allegations contained in paragraph 29.

## IMPACT OF THE AIRPORT EXECUTIVE ORDER

30. Defendants deny the allegations in paragraph 30.

31. Defendants lack sufficient information to either admit or deny the allegations in paragraph 31, and therefore deny the same.

32. Defendants deny the allegations in paragraph 32.

DEFENDANTS' ANSWER TO COMPLAINT- 5
(Case No. 2:20-cv-203 RJB)

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

33. Defendants admit that Yakima, Washington is approximately 150 miles from Tacoma, Washington by road. Defendants deny the remaining allegations contained in paragraph 33.

34. The allegations in paragraph 34 purport to characterize the Instrument of Transfer, which says what it says and to which no further response is required. Defendants admit that a copy of the Instrument of Transfer is attached to the complaint as Exhibit B, and that the quoted language in paragraph 34 appears in the Instrument of Transfer. Defendants deny any other factual allegations contained in paragraph 34.

## CLAIMS FOR RELIEF

### Count One

35. Defendants repeat and reallege their responses to paragraphs 1-34 with the same force and effect as if said responses had been fully repeated and realleged here.

36. Defendants deny the allegations in paragraph 36.

37. Defendants deny the allegations in paragraph 37.

38. The allegations in paragraph 38 constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny any factual allegations contained in paragraph 38.

### Count Two

39. Defendants repeat and reallege their responses to paragraphs 1-38 with the same force and effect as if said responses had been fully repeated and realleged here.

40. Defendants deny the allegations in paragraph 40.

41. Defendants deny the allegations in paragraph 41.

42. The allegations in paragraph 42 constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny any factual allegations contained in paragraph 42.

DEFENDANTS' ANSWER TO COMPLAINT- 6
(Case No. 2:20-cv-203 RJB)

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

43. The allegations in paragraph 43 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants deny any factual allegations contained in paragraph 43.

## PRAYER FOR RELIEF

The remainder of the complaint consists of Plaintiff's request for relief, to which no response is required.  To the extent a response is required, Defendants deny that Plaintiff is entitled to the relief sought in the complaint or to any relief whatsoever.

## AFFIRMATIVE DEFENSES

By way of further answer to the complaint and for their affirmative defenses, and without admitting any matters previously denied, Defendants set forth and allege as follows:

1. Plaintiff's claims are barred, in whole or in part, based on the failure to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred, in whole or in part, by the Tenth Amendment to the United States Constitution and anticommandeering principles.

3. Plaintiff's claims are barred, in whole or in part, by its failure to plead and inability to prove that Defendants have caused the harm plaintiff alleges.

4. Plaintiff's claims are barred, in whole or in part, by the doctrine of ripeness and because Plaintiff's complaint fails to set forth a justiciable controversy.

5. Plaintiff's claims are barred, in whole or in part, because Defendants were acting as market participants in enacting the Airport EO.

6. Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks standing.

7. Plaintiff's claims are barred, in whole or in part, because the Federal Aviation Administration has primary jurisdiction over Plaintiff's claims.

8. Defendants reserve the right to assert any additional or different defenses and affirmative defenses in response to the complaint based on information and knowledge obtained

DEFENDANTS' ANSWER TO COMPLAINT- 7
(Case No. 2:20-cv-203 RJB)

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

1  during future discovery or investigation.

3  DATED this 5th day of March, 2020.

HARRIGAN LEYH FARMER & THOMSEN LLP

By: *s/ Timothy G. Leyh*
By: *s/ Kristin E. Ballinger*
By: *s/ Shane P. Cramer*
    Timothy G. Leyh, WSBA #14853
    Kristin E. Ballinger, WSBA #28253
    Shane P. Cramer, WSBA #35099
    999 Third Avenue, Suite 4400
    Seattle, WA 98104
    Tel: (206) 623-1700
    Fax: (206) 623-8717
    Email: timl@harriganleyh.com
    Email: kristinb@harriganleyh.com
    Email: shanec@harriganleyh.com

DANIEL T. SATTERBERG
King County Prosecuting Attorney

By: *s/ Timothy P. Barnes*
By: *s/ H. Kevin Wright*
    Timothy P. Barnes, WSBA #29929
    H. Kevin Wright, WSBA #19121
    Senior Deputy Prosecuting Attorneys
    516 Third Avenue, Suite W400
    Seattle, WA 98104
    Tel: (206) 477-1120
    Fax: (206) 296-0191
    Email: timothy.barnes@kingcounty.gov
    Email: kevin.wright@kingcounty.gov

*Attorneys for King County and Dow Constantine*

DEFENDANTS' ANSWER TO COMPLAINT- 8
(Case No. 2:20-cv-203 RJB)

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717