The Honorable Robert J. Bryan

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:20-cv-203 |
| Plaintiff, | |
| v. | |
| KING COUNTY, WASHINGTON; DOW CONSTANTINE, in his official capacity as King County Executive | **JOINT STATUS REPORT AND DISCOVERY PLAN** |
| Defendants. | |

Counsel for the Plaintiff, the United States of America ("Government"), and Defendants King County, Washington and Dow Constantine (the "County"), pursuant to Federal Rule of Civil Procedure 26(f), LCR 16 & 26, and this Court's order of February 26, 2020 (ECF No. 11), together submit this Joint Status Report and Discovery Plan.

### 1.    Statement of the Nature and Complexity of the Case

Plaintiff: The Government is challenging the legality of King County Executive Order PFC-7-1-EO, "King County International Airport—Prohibition on Immigration Flights" (the "Executive Order").  The Government's claims arise from the Supremacy Clause, including intergovernmental immunity, conflict preemption, and preemption under the Airline Deregulation Act ("ADA"); and from property rights reserved by the Government in the "Instrument of Transfer" transferring title to Boeing Field from the Government to King County.

**U.S. DEPARTMENT OF JUSTICE**
**1100 L St., NW**
**Washington, DC 20005**
**Tel: (202) 616-0680**

<u>Defendants</u>:  On April 23, 2019, King County adopted Executive Order  PFC 7-1-EO (the "Airport EO"). By its terms, the Airport EO is prospective only in operation.  While the Airport EO has been adopted, King County has taken no enforcement actions under the Airport EO.

Separate from the adoption of the Airport EO and acting independently of any obligation imposed by King County, the fixed base operator ("FBO") that had previously serviced the charter company with which the federal government contracts for immigration deportation services terminated its contract with that charter company.  The County understands that no other FBO at King County International Airport ("Boeing Field") chose to service the ICE flights going forward.  The County understands that FBOs at other airports have similarly refused to contract with ICE contractors performing immigration deportation activities even though the Airport EO does not apply to those airports, although discovery on that issue is likely necessary.

Based on these facts, and pending discovery, the Government lacks standing to pursue its claims.  Even if the government had standing, it cannot prove its claims.  The County's actions do not conflict with federal law in any respect, the Airport EO does not regulate or discriminate against the Government, and the County was acting as a market participant in operating Boeing Field.

**2.      Proposed Deadline for the Joining of Additional Parties**

<u>Plaintiff:</u> The parties agree that it is unlikely additional parties need to be joined.  The Government requests that the deadline for joining additional parties should be thirty days from the entry of any discovery order.

<u>Defendants</u>:  The County agrees that no additional parties need to be joined but disagrees that the Court should wait to set the deadline to join parties until it rules on some future motion. The County proposes that the deadline to join parties be set for **May 15, 2020.**

JOINT STATUS REPORT AND DISCOVERY PLAN- 2
*United States v. King County, WA*, No. 2:20-cv-203.

**U.S. DEPARTMENT OF JUSTICE**
**1100 L St., NW**
**Washington, DC 20005**
**Tel: (202) 616-0680**

3.      **Consent to Proceedings by a Magistrate Judge**

The parties do not consent to proceedings by a Magistrate Judge.

4.      **Discovery Plan (Civil Rule 26(f)(3))**

(A)      **Initial Disclosures**

The parties exchanged initial disclosures on April 3, 2020, as directed by the Court. *See* ECF No. 11 at 1.

(B)      **Subjects, Timing and Potential Phasing of Discovery**

Plaintiff: The Government's complaint presents questions of law that can and should be resolved without discovery. Consistent with that position, the Government moved yesterday for judgment on the pleadings respecting its intergovernmental immunity and preemption claims. ECF No. 15. Contemporaneous with that filing, the Government has moved to stay discovery pending the Court's ruling on that motion. ECF No. 16. The Government does not agree that discovery is necessary to resolve the claims raised by the motion for judgment on the pleadings (including the topics suggested by Defendants below), and respectfully requests that the Court decide the motion for judgment on the pleadings before allowing any discovery to proceed.

If the Court's ruling is not dispositive, the Government expects to seek discovery of extrinsic evidence regarding the Instrument of Transfer. *Pelly v. Panasyuk*, 2 Wash. App. 2d 848, 866 (2018) (extrinsic evidence is admissible in a dispute over the scope of an easement "regardless of whether the language in the document is ambiguous"). The Government also expects to seek discovery regarding the rationales King County articulated for enacting the Executive Order. *See Cal. Tow Truck Ass'n v. City & Cnty. of S.F.*, 693 F.3d 847, 864 n.15 (9th Cir. 2012) (recognizing, in litigation over exemptions to the preemption provision of the Federal Aviation Administration Authorization Act, that "[e]vidence of legislative intent generally arises from the contemporaneous record, although a court may consider testimony from members of the legislative body in question regarding that record . . . . A court should be wary . . . about crediting post hoc safety rationalizations that conflict with the contemporaneous legislative

JOINT STATUS REPORT AND DISCOVERY PLAN- 3
*United States v. King County, WA*, No. 2:20-cv-203.

**U.S. DEPARTMENT OF JUSTICE**
**1100 L St., NW**
**Washington, DC 20005**
**Tel: (202) 616-0680**

record.").  Depending on the Court's rulings, the Government may seek discovery into other topics relevant to the Executive Order.

Defendants:  The County disagrees that this matter presents only questions of law that can be decided without discovery.  There are several areas where discovery is necessary for the Court to resolve any pre-trial motion that the Government might bring.  These topics of discovery include the following:

1.   The Government's unsupported allegation that it has suffered an injury in fact as a result of the County's adoption of the Airport EO, rather than the FBOs' decisions not to service ICE flights at Boeing Field.  Discovery on this point is necessary to determine whether the Government has standing to bring its claims.

2.   The reasons why the FBOs operating at Boeing Field chose to not service ICE flights.

3.   The types of services provided by FBOs to the unnamed charter company with whom the Government contracts to provide ICE flights, and whether those services "affect the rates, routes, or services of an air carrier," which is necessary to determine whether the Airline Deregulation Act applies.

4.   Proprietary, safety, and security concerns that led to the County to adopt the Airport EO, such that the County was acting as a market participant, which is a defense to a claim of ADA preemption.

5.   The identities of the contractor(s) with whom the Government works for its immigration deportation flights, where said contractor(s) are not identified in the Government's complaint on which it now intends to seek judgement on the pleadings without discovery.

6.   The contractual and/or agency relationship between these unidentified government contractors and the Government, which is potentially relevant to the

Government's claim that its rights under an Instrument of Transfer for the airport have been impinged.

7.     Discovery into the Government's claim that "the Airport EO significantly obstructs and burdens federal activities" and that "ICE must therefore re-route its contract carriers to an airport in Yakima." Such discovery is relevant to the Government's conflict preemption and intergovernmental immunity claims. There are numerous other airports closer to the Northwest Detention Center in Tacoma than Yakima is (*e.g.* Payne Field in Everett, Bellingham International Airport, and Portland International Airport) and in fact several closer to Tacoma than Boeing Field (*e.g.* Seattle-Tacoma International Airport, Renton Municipal Airport, and Joint Base Lewis McChord).

8.     Discovery also is necessary into whether there are significant differences between those entities impacted by the Airport EO and other similarly situated entities, which is another critical fact question necessary to determine whether the Government might be entitled to intergovernmental immunity.

These are just some of the areas where discovery is necessary. The County believes discovery should be limited by the standards set forth in Rule 26, and that the staging of discovery is not appropriate given the factual issues present in the case.

### (C)     Electronically Stored Information

Plaintiff: The Government maintains that discovery is unnecessary in this action. Should discovery proceed in this action, the Government anticipates that information regarding the Executive Order and the Instrument of Transfer may be contained in email communications and electronically stored documents that are in the possession of Defendants and third parties. All such electronically stored information should be preserved during the pendency of litigation.

The Government is working to preserve all relevant ESI in this case. The Government has prepared a modified version of the Court's standard ESI protocol for Defendants' review.

JOINT STATUS REPORT AND DISCOVERY PLAN- 5
*United States v. King County, WA*, No. 2:20-cv-203.

**U.S. DEPARTMENT OF JUSTICE**
**1100 L St., NW**
**Washington, DC 20005**
**Tel: (202) 616-0680**

<u>Defendants</u>:  The County believes discovery is necessary in this action, and that much of this discovery is likely to be in the form of ESI.  The County has endeavored to preserve all potentially relevant ESI.

The County anticipates that the parties will submit a slightly modified version of this Court's model agreement regarding discovery of ESI, and are currently working to resolve issues regarding the same.

### (D)     Privilege Issues

<u>Plaintiff</u>: The Government maintains that discovery is unnecessary in this action.  Should discovery proceed in this action, the Government may assert any applicable privileges, including the attorney client privilege, the deliberative process privilege, the law enforcement privilege, and the work product doctrine.

<u>Defendants</u>:  The County believes that discovery is necessary in this action, and may move the Court for entry of an order under FRE 502(d) if the parties do not reach an agreement pursuant to FRE 502(e).

### (E)     Proposed Limitations on Discovery

The parties do not anticipate a need, at this time, to impose any limits on discovery requests or depositions beyond those provided in the Federal Rules of Civil Procedure.

### (F)     Need for Any Discovery Related Orders

<u>Plaintiff</u>: The Government maintains that discovery is unnecessary in this action.  Should discovery proceed in this action, Plaintiff intends to seek a protective order by stipulation or motion to protect from public disclosure any personally identifiable information of law enforcement officers, including, but not limited to, mobile telephone numbers and e-mail addresses.  Plaintiff may also seek a Privacy Act order if there is a need to protect information specific to individual detainees.

<u>Defendants</u>:  The County anticipates working cooperatively with the Government should the need for any such orders arise.  The County does not believe there is a need for any other

JOINT STATUS REPORT AND DISCOVERY PLAN- 6
*United States v. King County, WA*, No. 2:20-cv-203.

**U.S. DEPARTMENT OF JUSTICE**
**1100 L St., NW**
**Washington, DC 20005**
**Tel: (202) 616-0680**

discovery-related orders at this time.

**5.      Topics Set Forth in Local Rule 26(f)(1)**

    **(A)      Prompt Case Resolution**

The parties believe that the nature of the Government's challenge to the Executive Order likely makes the case unamenable to settlement or other informal resolution.

    **(B)      Alternative Dispute Resolution**

The parties do not plan to engage in alternative dispute resolution at this juncture.  The nature of the Government's challenge to the Executive Order likely makes the case unamenable to settlement or other informal resolution.

    **(C)      Related Cases**

U.S. Immigration and Customs Enforcement filed an informal complaint with the Federal Aviation Administration on August 27, 2019, regarding the Executive Order.  The matter is still pending.

    **(D)      Discovery Management**

        **(1)      Forgoing or Limiting Depositions or Exchanging Documents Informally**

The parties have consented to electronic service pursuant to Federal Rule of Civil Procedure 5(b)(2)(E) to streamline service of pleadings and papers in this litigation.

        **(2)      Third Party Discovery**

The parties will bear their own costs for third-party discovery but agree that they will exchange any documents obtained through third-party discovery.

        **(3)      Scheduling Discovery or Case Management Conferences**

The parties are amenable to scheduling discovery or case management conferences with the Court, as necessary.  Neither party requests a conference at this time.

JOINT STATUS REPORT AND DISCOVERY PLAN- 7
*United States v. King County, WA*, No. 2:20-cv-203.

**U.S. DEPARTMENT OF JUSTICE**
**1100 L St., NW**
**Washington, DC 20005**
**Tel: (202) 616-0680**

**(4)     Requesting Assistance of Magistrate Judge for Settlement Conference**

The parties do not request the assistance of a Magistrate Judge for a settlement conference.  The nature of the Government's challenge to the Executive Order likely makes the case unamenable to settlement or other informal resolution.

**(5)     Requesting to Use an Abbreviated Pretrial Order**

The parties do not request to use an abbreviated pretrial order.

**(6)     Requesting Other Orders Court Should Enter Under Local Rule 16(b) or 16(c)**

The parties do not request any orders under Local Rule 16(b) or 16(c) apart from those discussed at paragraph 4(F), *supra*.

**(E)     Anticipated Discovery Sought**

*See* paragraph 4(B), *supra*.

**(F)     Phasing Motions**

Plaintiff: The Government's motion for judgment on the pleadings should be resolved before any discovery proceeds.

Defendants:  The County does not believe that phasing of motions is necessary or appropriate in this matter.

**(G)     Preservation of Discoverable Information**

The parties have taken reasonable and proportional steps to preserve potentially relevant information relating to the claims and defenses in this case.  *See* Fed. R. Civ. P. 26(b)(1).

**(H)     Privilege Issues**

*See* paragraph 4(D), *supra*.

**(I)     Model Protocol for Discovery of ESI**

The parties are working towards agreement on a modified version of the Court's Model Protocol for Discovery of ESI.

JOINT STATUS REPORT AND DISCOVERY PLAN- 8
*United States v. King County, WA*, No. 2:20-cv-203.

**U.S. DEPARTMENT OF JUSTICE**
**1100 L St., NW**
**Washington, DC 20005**
**Tel: (202) 616-0680**

**(J)      Alternatives to the Model Protocol**

The parties are working toward agreement on a Protocol for Discovery of ESI that incorporates the Department of Justice, Civil Division's standard specifications for production of ESI and digitized images.

**6.      Date by Which Discovery Can Be Completed**

Plaintiff: The Government requests that the Court and the parties revisit this issue if this action withstands the Government's Rule 12(c) motion.

Defendants:  The County believes that discovery should proceed as normally contemplated by the rules of procedure and has already served discovery based on that belief. The County currently anticipates that discovery can be completed by **November 15, 2020.** However, given the ongoing Covid-19 public health crisis affecting the country, the County reserves the right to revisit its projection at some point in the future.

**7.      Bifurcation**

This case is not amenable to bifurcation.

**8.      Dispensing With Pretrial Statements and Pretrial Order**

Plaintiff: the Government anticipates that this action will be resolved through dispositive motions and that the need for trial will be obviated. Until the Court rules on such motions, it is premature to assess whether the Court should dispense with pretrial statements and a pretrial order as contemplated by Local Rule 16(e), (h), (i), and (k).

Defendants:  The County believes that the Pre-Trial Statement and Orders called for by Local Rules 16(e), (h), (i) and (l), and 16.1 should not be dispensed with in whole or in part.

**9.      Suggestions for Shortening or Simplifying the Case**

Plaintiff: As a means of potentially streamlining the case, the Government suggests that its motion for judgment on the pleadings be ruled upon before discovery proceeds.

JOINT STATUS REPORT AND DISCOVERY PLAN- 9
*United States v. King County, WA*, No. 2:20-cv-203.

**U.S. DEPARTMENT OF JUSTICE**
**1100 L St., NW**
**Washington, DC 20005**
**Tel: (202) 616-0680**

Defendants:  The County disagrees that that this case can be resolved on a Rule 12(c) motion filed by the Government, or that discovery should be stayed while any such motion is pending.

### 10.    The Date the Case Will be Ready for Trial

Plaintiff: The Government anticipates that this case will be resolved without a trial.

Defendants:  The County believes that this case can be ready for trial on **February 15, 2021**, which is one year from the date the Government filed its complaint.  However, given the ongoing Covid-19 public health crisis affecting the country, the County reserves the right to revisit its projection at some point in the future.

### 11.    Whether Trial Will be Jury or Non-Jury

Plaintiff: The Government anticipates that this case will be resolved without a trial.  If the Court determines trial is necessary, the question of whether that trial should be a jury or bench trial will depend upon the issues to be tried.

Defendants:  The County has filed a jury demand.

### 12.    Number of Trial Days Required

Plaintiff: The Government anticipates that this case will be resolved without a trial.  If the Court determines trial is necessary, the question of trial length will depend upon the issues to be tried and the type of evidence the Court determines is relevant to the dispute.

Defendants:  The County believes that a jury trial in this matter may take 6-8 days.

### 13.    Name, Addresses, and Telephone Numbers of All Trial Counsel

Plaintiff: The Government's lead trial counsel is Michael J. Gerardi, Trial Attorney, U.S. Department of Justice, Civil Division, Federal Programs Branch, 1100 L St. NW, Washington, DC 20005, (202) 616-0680.

Defendants:  Contact information for the County's trial counsel is:

Timothy G. Leyh
Shane P. Cramer
Kristin E. Ballinger

JOINT STATUS REPORT AND DISCOVERY PLAN- 10
*United States v. King County, WA*, No. 2:20-cv-203.

**U.S. DEPARTMENT OF JUSTICE**
**1100 L St., NW**
**Washington, DC 20005**
**Tel: (202) 616-0680**

Harrigan Leyh Farmer & Thomsen LLP
999 Third Avenue, Suite 4400
Seattle, WA  98104
Tel:     (206) 623-1700
Fax:     (206) 623-8717
Email: timl@harriganleyh.com
          shanec@harriganleyh.com
          kristinb@harriganleyh.com

H. Kevin Wright
Timothy P. Barnes
King County Prosecuting Attorney's Office
516 Third Avenue, Suite W400
Seattle, WA  98104
Tel:     (206) 477-1120
Fax:     (206) 296-0191
Email: kevin.wright@kingcounty.gov
          timothy.barnes@kingcounty.gov

**14.     Trial Date Complications**

Plaintiff: The Government anticipates that this case will be resolved without a trial.

Defendants:  The County does not currently have any trial date complications based on its proposed trial date of **February 15, 2021**.

**15.     Service of Defendants**

All defendants have been served.

**16.     Scheduling Conference**

Plaintiff: the Government requests that the Court consider its motion for judgment on the pleadings before entering any scheduling order.  The Government takes no position on a scheduling conference.

Defendants:  The County does not request a scheduling conference at this time.

**17.     Civil Rule 7.1 Disclosure Statements**

Not applicable.

**U.S. DEPARTMENT OF JUSTICE**
**1100 L St., NW**
**Washington, DC 20005**
**Tel: (202) 616-0680**

Respectfully submitted,                    April 17, 2020

JOSEPH H. HUNT
Assistant Attorney General

BRIAN T. MORAN
United States Attorney

ALEXANDER K. HAAS
Director

JACQUELINE COLEMAN SNEAD
Assistant Branch Director

*/s/ Michael J. Gerardi*
Michael J. Gerardi (D.C. Bar No.
1017949)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs
Branch
1100 L St. NW, Room 12212
Washington, D.C. 20005
Tel: (202) 616-0680
Fax: (202) 616-8460
E-mail: michael.j.gerardi@usdoj.gov

*Attorneys for Plaintiff*

                    HARRIGAN LEYH FARMER & THOMSEN
                    LLP

                    By: *s/ Timothy G, Leyh*
                    By: *s/ Kristin E. Ballinger*
                    By: *s/ Shane P. Cramer*
                         Timothy G. Leyh, WSBA #14853
                         Kristin E. Ballinger, WSBA #28253
                         Shane P. Cramer, WSBA #35099
                         999 Third Avenue, Suite 4400
                         Seattle, WA 98104
                         Tel:   (206) 623-1700
                         Email: timl@harriganleyh.com
                         Email: kristinb@harriganleyh.com
                         Email: shanec@harriganleyh.com

DANIEL T. SATTERBERG
King County Prosecuting Attorney

By: _s/ Timothy P. Barnes_____
By: _s/ H. Kevin Wright_____
    Timothy P. Barnes, WSBA #29929
    H. Kevin Wright, WSBA #19121
    Senior Deputy Prosecuting Attorneys
    516 Third Avenue, Suite W400
    Seattle, WA 98104
    Tel:  (206) 477-1120
    Fax:  (206) 296-0191
    Email: timothy.barnes@kingcounty.gov
    Email: kevin.wright@kingcounty.gov

    *Attorneys for King County and Dow Constantine*

JOINT STATUS REPORT AND DISCOVERY PLAN- 13
*United States v. King County, WA*, No. 2:20-cv-203.

U.S. DEPARTMENT OF JUSTICE
1100 L St., NW
Washington, DC 20005
Tel: (202) 616-0680