1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

HONORABLE ROBERT J. BRYAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

               Plaintiff,

      v.

KING COUNTY, WASHINGTON; DOW
CONSTANTINE, in his official capacity as
King County Executive,

               Defendants.

Case No.  2:20-cv-203 RJB

DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION TO STAY
DISCOVERY PENDING A RULING ON ITS
MOTION FOR JUDGMENT ON THE
PLEADINGS

NOTED ON MOTION CALENDAR:
April 24, 2020

## I.    INTRODUCTION

Defendants King County and Dow Constantine (the County) oppose the United States of

America's (the Government) motion to stay discovery pending a ruling on the Government's

motion for judgment on the pleadings.  The County has diligently pursued discovery to resolve the

Government's claims on the merits and has served tailored discovery requests to that end.  Because

the Government's likelihood of success on its motion for judgment on the pleadings is minimal

and given potential delays in discovery (particularly with third parties) due to the ongoing Covid-

19 crisis, there is no good cause to stay all discovery.

## II.    STATEMENT OF FACTS

On February 10, 2020, the Government filed a complaint against the County, alleging that

Executive Order PFC-7-1-EO, "King County International Airport—Prohibition on immigrant

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO STAY
DISCOVERY PENDING A RULING ON ITS MOTION FOR
JUDGMENT ON THE PLEADINGS - 1
(Case No. 2:20-cv-203 RJB)

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

deportations" (the Airport EO), violates the Supremacy Clause and the Government's alleged property rights from an Instrument of Transfer conveying title of Boeing Field to King County. The Airport EO calls for "*future* leases, operating permits and other authorizations for commercial activity at King County International Airport [to] contain a prohibition against providing aeronautical or non-aeronautical services to enterprises engaged in the business of deporting immigration detainees." Compl. Ex. A ¶ 3 (emphasis added). The complaint alleges that "[s]ince issuance of the Airport EO, fixed-base operators ('FBOs') at Boeing Field, which provide basic aeronautical services to charter flight operators, no longer will service flights by U.S. Immigration and Customs Enforcement ('ICE') Air Operations ('IAO')." Compl. ¶ 6. Without showing a causal connection between any presently operative provision of the Airport EO and the decision of fixed-base operators at Boeing Field, the Government alleges the Airport EO forced ICE to "relocate its flight operations to Yakima, Washington." Compl. ¶ 7.

The County answered the complaint on March 5, 2020, denying the majority of the factual allegations in the complaint and asserting seven affirmative defenses. Shortly after completing the Rule 26(f) conference, and to diligently pursue its defenses, the County served interrogatories and requests for production of documents on the Government. The Government's responses are due April 29, 2020.

On April 16, 2020, the Government filed a motion for judgment on the pleadings on its intergovernmental immunity and obstacle preemption claims (conceding that its other two claims under the Instrument of Transfer and Airline Deregulation Act cannot be resolved on the pleadings alone). Motion for Judgment on the Pleadings at 2, n.2. Concurrently, the Government filed a motion to stay all discovery pending resolution of its dispositive motion. The discovery deadline is October 19, 2020, and trial is scheduled for February 2021. Dkt. No. 18.

## III.    ARGUMENT

Upon a showing of "good cause," the Court may limit or deny discovery. Fed. R. Civ. P.

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO STAY
DISCOVERY PENDING A RULING ON ITS MOTION FOR
JUDGMENT ON THE PLEADINGS - 2
(Case No. 2:20-cv-203 RJB)

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

26(c).  Relieving a party of the burdens of discovery while a dispositive motion is pending "is the

exception and not the rule."  *Nw. Immigrant Rights Project v. Sessions*, No. 17-716, 2017 WL

11428870, at *1 (W.D. Wash. Sept. 18, 2017).  A pending dispositive motion alone is not grounds

to stay discovery.  *Id.*; *see also Twin City Fire Ins. Co. v. Employers Ins. of Wausau*, 124 F.R.D.

652, 653 (D. Nev. 1989)[1] ("[A] pending Motion to Dismiss is not ordinarily a situation that in and

of itself would warrant a stay of discovery.").

      The Government argues that its motion is dispositive and that on a motion for judgment on

the pleadings, the Court cannot consider facts outside of the pleadings, thereby, obviating the need

for discovery.  Motion at 2.  But the Government ignores that in resolving a motion to stay

discovery pending a dispositive motion, the Court must take "a preliminary peek at the merits of

the dispositive motion to assess whether a stay is warranted."  *Roberts v. Khounphixay*, No. 2:18-

00746, 2018 WL 5013780, at *1 (W.D. Wash. Oct. 16, 2018).

      Such a "preliminary peek" here reveals that the Government's motion is unlikely to

succeed.  Motions for judgment on the pleadings are strongly disfavored and granted "sparingly."

*Ring v. Reichert*, No. 07-693, 2007 WL 4358301, at *1 (W.D. Wash. Dec. 10, 2007); *Webster v.*

*United States*, No. 045647, 2005 WL 3031154, at *1 (E.D. Cal. Nov. 8, 2005) (motion for

judgment on the pleadings is "rarely granted" and only granted in extraordinary circumstances)

(citation omitted).   "A district court may grant a motion for judgment on the pleadings only 'when

the moving party clearly establishes on the face of the pleadings that no material issue of fact

remains to be resolved and that it is entitled to judgment as a matter of law.'  A plaintiff will rarely

satisfy that burden on the basis of the complaint alone."  *Johnson v. Am. Home Mortgage Corp.*,

No. 16-01085, 2017 WL 2909410, at *2 (C.D. Cal. May 8, 2017) (citing *Yanez v. United States*, 63

---

[1] The majority of the cases cited by the Government granting a motion to stay pending a dispositive motion arise in the context of a jurisdictional challenge or a government immunity defense.  *E.g.*, *DiMartini v. Ferrin*, 889 F.2d 922 (1989), *amended at* 906 F.2d 465 (9th Cir. 1990); *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988); *Bosh v. United States*, No. 19-5616, 2019 WL 5684162, at *1 (W.D. Wash. Nov. 13, 2019).  Challenges to jurisdiction, venue, or claims of immunity are unique and often warrant a stay of discovery.  *Twin City Fire Ins. Co.*, 124 F.R.D. at 653.  However, none of these issues are present in the Government's motion for judgment on the pleadings.

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO STAY
DISCOVERY PENDING A RULING ON ITS MOTION FOR
JUDGMENT ON THE PLEADINGS - 3
(Case No. 2:20-cv-203 RJB)

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

1    F.3d 870, 872 (9th Cir. 1995)).

2          The Government cannot prove its obstacle preemption claim on the face of its complaint.

3    To prove that claim, the Government must demonstrate that the Airport EO "stands as an obstacle

4    to the accomplishment and execution of the full purposes and objectives of Congress."

5    *Crosby v. Nat'l Foreign Trade Council*, 530 U.S. 363, 373 (2000) (citation omitted).  On its face,

6    the complaint alleges only that the County enacted the Airport EO, the sole FBO servicing ICE

7    flights at Boeing Field later ended its service, and the Government relocated ICE flights to

8    Yakima, which the Government alleges is an obstacle to ICE operations.  Compl. ¶¶ 25-29, 31-33.

9    These allegations do not prove whether the *Airport EO* is an obstacle to the Government's

10   immigration authority or whether the asserted obstacle is legitimate.  Instead, the complaint raises

11   a host of factual issues that require discovery to prove or disprove the Government's claim,

12   including but not limited to, whether the FBO servicing ICE flights ended its service because of

13   the Airport EO rather than independent business reasons such as security and operational risks,

14   whether FBO service is necessary for ICE to operate flights from Boeing Field given that the

15   Airport EO does not preclude any Government owned aircraft from taking off or landing, and

16   whether relocation to Yakima (the obstacle identified) was necessary given the several airports

17   located near the Northwest Detention Center (*e.g.*, Seattle-Tacoma International Airport, Joint

18   Base Lewis-McChord Field).  Discovery into these issues is necessary to resolve the Government's

19   preemption claim.  *See, e.g.*, *Qwest Commc'ns Corp. v. City of Berkeley*, 208 F.R.D. 288, 297-98

20   (N.D. Cal. 2002) (declining to resolve preemption claim on motion for judgment on the pleadings

21   and requiring that the claim be resolved "with a more complete factual record").

22         The Government also cannot prove its intergovernmental immunity claim on the face of its

23   complaint.  To prove this claim, the Government must demonstrate that the Airport EO directly

24   regulates or discriminates against the Government or Government contractors.  *North Dakota v.*

25   *United States*, 495 U.S. 423, 434 (1990).  But if "significant differences" exist between the

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO STAY
DISCOVERY PENDING A RULING ON ITS MOTION FOR
JUDGMENT ON THE PLEADINGS - 4
(Case No. 2:20-cv-203 RJB)

Government (or its contractors) and others, then inconsistent treatment based on these differences does not violate the Supremacy Clause. *Davis v. Michigan Dep't of Treasury*, 489 U.S. 803, 814-16 (1989) (citation omitted). On its face, the complaint alleges only that the County enacted the Airport EO and that "[t]he Airport EO discriminates against private parties based on their relationship with federal immigration officials." Compl. ¶ 36. The complaint does not address whether the FBOs (the regulated entities under the Airport EO) constitute federal contractors or whether there are any differences between Government contractors and others that justify the alleged inconsistent treatment. Rather, the complaint raises factual questions about the relationships between the Government and third parties and the reasonableness of treating the FBOs differently to address business, operational, and/or security risks uniquely created by deportation flights. Accordingly, the Government's complaint is unlikely to satisfy the rigorous standard applied on a motion for judgment on the pleadings.

Because a "preliminary peek" at the merits reveals a marginal likelihood of success, the Government lacks good cause to stay all discovery. The County's discovery requests are minimally burdensome (interrogatories and thirteen requests for document production) and tailored to the factual issues that will help resolve the Government's claims. *Qwest*, 208 F.R.D. at 298 (parties should not be "absolve[d] . . . of responsibility for responding to . . . discovery request[s]" when "evidence outside the pleadings" is required to resolve a claim). Moreover, third-party discovery will be necessary. Given the unique challenges facing many entities due to the Covid-19 crisis that may create discovery delays and the October 19, 2020, discovery cutoff, staying discovery is inconsistent with an expeditious resolution of the merits.

## IV.   CONCLUSION

The Court should deny the motion to stay discovery.

///

///

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO STAY
DISCOVERY PENDING A RULING ON ITS MOTION FOR
JUDGMENT ON THE PLEADINGS - 5
(Case No. 2:20-cv-203 RJB)

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

1    DATED this 22nd day of April, 2020.

2                                          HARRIGAN LEYH FARMER & THOMSEN LLP

3                                          By:  _s/ Timothy G. Leyh_
                                           By:  _s/ Kristin E. Ballinger_
4                                          By:  _s/ Shane P. Cramer_
                                                   Timothy G. Leyh, WSBA #14853
5                                                  Kristin E. Ballinger, WSBA #28253
                                                   Shane P. Cramer, WSBA #35099
6                                                  999 Third Avenue, Suite 4400
                                                   Seattle, WA 98104
7                                                  Tel:  (206) 623-1700
                                                   Email: timl@harriganleyh.com
8                                                  Email: kristinb@harriganleyh.com
                                                   Email: shanec@harriganleyh.com
9

10                                         DANIEL T. SATTERBERG
                                           King County Prosecuting Attorney
11

12                                         By:  _s/ Timothy P. Barnes_
                                           By:  _s/ H. Kevin Wright_
13                                                 Timothy P. Barnes, WSBA #29929
                                                   H. Kevin Wright, WSBA #19121
14                                                 Senior Deputy Prosecuting Attorneys
                                                   516 Third Avenue, Suite W400
15                                                 Seattle, WA 98104
                                                   Tel:  (206) 477-1120
16                                                 Fax:  (206) 296-0191
                                                   Email: timothy.barnes@kingcounty.gov
17                                                 Email: kevin.wright@kingcounty.gov

18                                         *Attorneys for King County and Dow Constantine*

19

20

21

22

23

24

25

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO STAY
DISCOVERY PENDING A RULING ON ITS MOTION FOR
JUDGMENT ON THE PLEADINGS - 6
(Case No. 2:20-cv-203 RJB)