1

2

3

4

5

The Honorable Robert J. Bryan

6

7

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT TACOMA**

8

UNITED STATES OF AMERICA,

No. 2:20-cv-203

9

Plaintiff,

10

v.

11

KING COUNTY, WASHINGTON; DOW
CONSTANTINE, in his official capacity as
King County Executive

12

13

Defendants.

**PLAINTIFF'S REPLY IN SUPPORT**
**OF ITS MOTION TO STAY**
**DISCOVERY PENDING A RULING**
**ON ITS MOTION FOR JUDGMENT**
**ON THE PLEADINGS**

14

NOTE ON MOTION CALENDAR:
April 24, 2020

15

16

17

18

19

20

21

22

23

24

25

26

PLAINTIFF'S REPLY IN SUPPORT OF ITS
MOTION TO STAY DISCOVERY
*United States v. King County, WA*, No. 2:20-cv-203.

**U.S. DEPARTMENT OF JUSTICE**
**1100 L St., NW**
**Washington, DC 20005**
**Tel: (202) 616-0680**

Executive Order PFC-7-1-EO regulates federal immigration officials arranging for transportation of immigration detainees; explicitly discriminates against entities on the basis of whether or not they choose to deal with the Federal Government; and creates an obstacle to the enforcement of immigration law.  A motion for judgment on the pleadings is a proper means for adjudicating a facial challenge to the constitutionality of such a local measure, as the Ninth Circuit made clear in *United States v. City of Arcata*, 2009 WL 1774269 (N.D. Cal. June 18, 2009), *aff'd*, 629 F.3d 986, 989 (9th Cir. 2010).  Defendants Dow Constantine and King County (collectively, "the County") simply ignored this case, along with most of the Government's arguments, in opposing the instant motion.  Instead, the County raises meritless procedural objections and irrelevant potential fact inquiries.  Accordingly, the Court should grant the Government's motion and enter a stay of discovery.

## I.    A BRIEF STAY OF DISCOVERY IS WARRANTED HERE

Courts in this district agree that a limited, temporary stay of discovery is appropriate when a potentially dispositive motion is pending.  *See, e.g., Lloyd v. Buzell*, 2019 WL 2646243, at *1 (W.D. Wash. June 27, 2019); *Bosh v. United States*, 2019 WL 5684162, at *1 (W.D. Wash. Nov. 1, 2019).  Here, the Government's Rule 12(c) motion, ECF No. 15, is not merely potentially, but highly likely, to dispose of the entire case; and because it is limited to the pleadings and materials over which judicial notice can be taken, it can be decided without discovery.  A stay should also advance "the goals of efficiency for the court and litigants," *Bosh*, 2019 WL 5684162, at *1, and the Government's proposed stay will do just that.  This case is at an early stage of proceedings and the Government's motion will be fully briefed in just two weeks.  There is no prejudice to Defendants from a brief stay of discovery at this stage, and resolution of the Government's motion may obviate the need for any discovery at all.

Defendants counter that much of the authority the Government relies upon "arise[s] in the context of a jurisdictional challenge or a government immunity defense."  ECF No. 19.  Of course, intergovernmental immunity is often asserted as a defense by the Government at the

1   pleadings stage to state laws that regulate or discriminate against the Government.  *See, e.g.*,

2   *Treasurer of N.J. v. U.S. Dep't of the Treasury*, 684 F.3d 382, 409–12 (3d Cir. 2012) (affirming

3   district court's grant of government's motion to dismiss on an intergovernmental immunity

4   defense).  Regardless, this Court's test for a stay is not subject-matter dependent.

5         The authority Defendants cite is not to the contrary.  ECF No. 19 at 3–4.  In *Roberts v.*

6   *Khounphixay*, 2018 WL 5013780, at *2 (W.D. Wash. Oct. 16, 2018), this Court *granted* a stay

7   of discovery pending resolution of a motion for judgment on the pleadings.  In *Nw. Immigrant*

8   *Rights Project v. Sessions*, 2017 WL 11428870 (W.D. Wash. Sept. 18, 2017), the Court had

9   already ruled on a motion for a preliminary injunction when it took up the issue of whether to

10   stay discovery pending defendants' motion to dismiss.  Because that order "alerted the parties to

11   the possibility that at least some of Plaintiffs' claims have the potential to succeed on their

12   merits," it permitted discovery to move forward.  *Id.* at *1.  No similar order has issued here.

13   And *Twin City Fire Ins. Co. v. Emp'rs Ins. of Wasau*, 124 F.R.D. 652 (D. Nev. 1989), simply

14   stands for the principle that the moving party must show good cause for a stay.  The

15   Government has done so here.   Accordingly, a stay should be granted.

16   **II.     DEFENDANTS HAVE NOT DEMONSTRATED WHY JUDGMENT ON THE PLEADINGS WOULD BE INAPPROPRIATE HERE**

17         Defendants assert that a "peek" at the merits supports not staying discovery while the

18   Rule 12(c) motion is considered.  ECF No. 19 at 3.  This "peek" is not meant to "prejudge the

19   outcome of the motion," but to ensure that "the goals of efficiency for the court and litigants"

20   are met.  *Bosh*, 2019 WL 5684162, at *1.  As explained above, a limited stay here serves those

21   goals.  Even so, Defendants' opposition does not really "peek" at the Rule 12(c) motion; indeed,

22   it makes little effort to engage with the legal merits of the Government's facial constitutional

23   challenge to the Executive Order.  Its procedural objections do not apply to this case, and its

24   proposed factual inquiries are unnecessary to resolve the Rule 12(c) motion.  A review of these

25   arguments confirms that the Rule 12(c) motion has merit and a stay should be granted.

26         Defendants begin by arguing that a motion for judgment on the pleadings is not a proper

PLAINTIFF'S REPLY IN SUPPORT OF ITS
MOTION TO STAY DISCOVERY - 2
*United States v. King County, WA*, No. 2:20-cv-203.

U.S. DEPARTMENT OF JUSTICE
1100 L St., NW
Washington, DC 20005
Tel: (202) 616-0680

1  vehicle for resolving the Government's facial constitutional challenge to the Executive Order.

2  ECF No. 19 at 3–4.  But they do not even mention, much less try to distinguish, the *City of*

3  *Arcata* case, which the Government relied upon in both its motion for judgment on the

4  pleadings and its motion to stay.  ECF No. 15 at 5–6, 8–9; ECF No. 16 at 3.  In *City of Arcata*,

5  two California cities stated their intent to enforce ballot measures forbidding the Government

6  and its agents from recruiting minors to the military.  2009 WL 1774269, at *1.  The district

7  court granted the Government's motion for judgment on the pleadings on its facial

8  intergovernmental immunity and preemption claims, and enjoined the ordinances.  *Id.* at *2.

9  The Ninth Circuit affirmed on the basis of intergovernmental immunity.  629 F.3d at 990–92.

10  Similarly, the Executive Order explicitly seeks to ban immigration authorities from using

11  Boeing Field; its restrictions on airport lessees who deal with the Government do not arise from

12  laws of general applicability.  The non-binding authority Defendants rely upon to criticize Rule

13  12(c) motions is not persuasive in light of the use of such a motion in *City of Arcata* to entertain

14  a facial challenge to a local ordinance similar to the one at issue in this case.

15       With respect to intergovernmental immunity, the County asserts there are "factual

16  questions about the relationships between the Government and third parties and the

17  reasonableness of treating the [fixed base operators or] FBOs differently to address business,

18  operational, and/or security risks uniquely created by deportation flights," such that there might

19  be "differences between Government contractors and others that justify the alleged inconsistent

20  treatment."  ECF No. 19 at 4–5 (citing *Davis v. Mich. Dep't of Treasury*, 489 U.S. 803 (1989)).

21  Of course, if such evidence exists, it should already be in the County's possession, as only the

22  County would know what differences between deportation flights and other flights prompted it

23  to create the Executive Order.  But such evidence is not relevant in any event, for three reasons.

24       First, the details of the relationship between immigration authorities, their contractors,

25  and FBOs are irrelevant because King County has singled out entities that deal with the Federal

26  Government for regulation.  *Boeing Co. v. Movassaghi*, 768 F.3d 832, 838–43 (9th Cir. 2014)

PLAINTIFF'S REPLY IN SUPPORT OF ITS
MOTION TO STAY DISCOVERY - 3
*United States v. King County, WA*, No. 2:20-cv-203.

U.S. DEPARTMENT OF JUSTICE
1100 L St., NW
Washington, DC 20005
Tel: (202) 616-0680

1  (government's choice to contract for pollution site clean-up deemed not relevant to

2  intergovernmental immunity challenge to statute singling out federal site); *United States v.*

3  *California*, 314 F. Supp. 3d 1077, 1096 (E.D. Cal. 2018) (striking down state law that singled

4  out employers consenting to immigration searches on intergovernmental immunity grounds),

5  *aff'd in part & rev'd in part on other grounds*, 921 F.3d 865 (9th Cir. 2019).

6       Second, the Executive Order "do[es] not merely regulate the federal government

7  incidentally; rather, [it is] expressly intended to" ban immigration authorities from using Boeing

8  Field by exerting its leverage over fixed-base operators with the purpose of preventing

9  immigration authorities from using the airport. *City of Arcata*, 629 F.3d at 991.  Discovery is

10  unnecessary to the Government's claim that the Executive Order violates intergovernmental

11  immunity by "directly regulat[ing] the conduct of agents of the federal government."  *Id.*

12       Third, even if a substantial reason for treating the Government differently existed, it

13  would be irrelevant to the Government's claim that the Executive Order discriminates against

14  the Government and those with whom it deals.  Such reasons are insufficient as a matter of

15  Ninth Circuit law because the differential treatment does not arise from generally applicable

16  laws.  For example, in *Movassaghi*, the State of California passed a statute, SB 990, that

17  targeted a federal research site "for a substantially more stringent cleanup scheme than that

18  which applies elsewhere in the State," due to "radioactive pollution created by federal activity

19  on the site" and the Government's decision to rely on less protective cleanup standards.  768

20  F.3d at 842–43.  But the Ninth Circuit concluded that "[t]he fact that [the research site] is

21  especially contaminated does not render the law non-discriminatory because California's

22  generally-applicable environmental laws do not impose the SB 990 radioactive cleanup

23  standards." *Id.* at 842–43.  Unlike cases where a generally applicable law is enforced against the

24  Government or its contractors,[1] such as *Davis*, the Executive Order's burdens are not

25

26       [1] *See Nwazour v. GEO Grp., Inc.*, 2020 WL 1689728, at *8 (W.D. Wash. Apr. 7, 2020)
(Bryan, J.) (denying summary judgment on intergovernmental immunity grounds to application

PLAINTIFF'S REPLY IN SUPPORT OF ITS
MOTION TO STAY DISCOVERY - 4
*United States v. King County, WA*, No. 2:20-cv-203.

**U.S. DEPARTMENT OF JUSTICE**
**1100 L St., NW**
**Washington, DC 20005**
**Tel: (202) 616-0680**

1    "incidental[]" to "a broad, neutrally applicable rule." *City of Arcata*, 629 F.3d at 991.  Rather,

2    the Executive Order "specifically target[s] and restrict[s] the conduct of" immigration

3    authorities and those who deal with them. *Id.*  As such, Defendants' desired inquiry is

4    completely irrelevant.

5         With respect to obstacle preemption, Defendants allege that the pleadings "do not prove

6    whether the Airport EO is an obstacle to the Government's immigration authority or whether the

7    asserted obstacle is legitimate," and therefore discovery is necessary to show (1) whether the

8    Executive Order or "independent business reasons" led to the FBOs' refusing to service the

9    flights; (2) whether it is "necessary" for the FBOs to use Boeing Field; and (3) whether it was

10   "necessary" to relocate the flights to an airport in Yakima, as opposed to some other airport

11   closer to ICE's detention center in Tacoma.  ECF No. 19 at 4.  None of these issues is a proper

12   topic for discovery, or a ground for denying the Rule 12(c) motion.

13        The first inquiry is especially needless. The County, which has a contractual relationship

14   with its FBOs, issued press releases tying the FBOs' decision to stop servicing IAO flights with

15   the Executive Order; the Court can take judicial notice of those statements.  Press Release, May

16   2, 2019, "Operators at King County Airport Will Not Serve ICE Flights, Leaving No Ground

17   Support for Immigration Transfers," https://www.kingcounty.gov/elected/executive/constantine/

18   news/release/2019/May/01-KCIA-lease.aspx.  The Executive Order threatens unfavorable

19   treatment to current lessees who choose to deal with the Federal Government, including

20   withholding future leases and operating permits from FBOs who assist immigration authorities

21   regardless of their business judgment.  Defendants cite no authority for the proposition that the

22   preemption inquiry changes based on the subjective intentions of these threatened parties.  Such

23   a rule would turn obstacle preemption into a factual inquiry, whereas obstacle preemption is

24   widely understood to be "a question of law" requiring a comparison of federal and local

25

26   _____
     of state's general minimum wage law to federal detention center contractor because of factual
     disputes as to whether the law treated state contractors better than the federal contractor).

PLAINTIFF'S REPLY IN SUPPORT OF ITS
MOTION TO STAY DISCOVERY - 5
*United States v. King County, WA*, No. 2:20-cv-203.

**U.S. DEPARTMENT OF JUSTICE**
**1100 L St., NW**
**Washington, DC 20005**
**Tel: (202) 616-0680**

provisions. *Indus. Truck Ass'n v. Henry*, 125 F.3d 1305, 1309 (9th Cir. 1997); *see also CSX Transp. v. Easterwood*, 507 U.S. 658, 664 (1993) ("Evidence of pre-emptive purpose is sought in the text and structure of the statute at issue."); *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 762 (9th Cir. 2014) (noting that the Ninth Circuit has "approved the dismissal of claims on the basis of obstacle preemption at the pleading stage").[2]

The County's other proposed topics of discovery fail for similar reasons.  The resolution of the Government's facial preemption claim cannot be contingent on why the Government chooses one airport over another, or on whether *other* airports would be willing to entertain the flights.  Airports are either precluded from enforcing measures like the Executive Order by federal law, or they are not; their authority does not rest on these sorts of extrinsic considerations.  The County cites no cases where such considerations were deemed material to a preemption claim, which, again, would run counter to the idea that preemption is generally a legal question.  *Industrial Truck Ass'n*, 125 F.3d at 1309.  There is no sound reason to press forward with this discovery while the Rule 12(c) motion is resolved.

## CONCLUSION

For these reasons, the Court should grant the Government's motion to stay all discovery until after its motion for judgment on the pleadings is resolved.

---

[2] Discovery might be appropriate in a preemption case where there is a factual question underlying whether state or federal law is applicable.  That was what happened in *Qwest Commc'ns Corp. v. City of Berkeley*, 208 F.R.D. 288 (N.D. Cal. 2002)), cited by Defendants, where the Court identified factual questions relevant to application of the Federal Telecommunications Act, such as whether plaintiff was a common carrier and whether the local ordinances "prohibit[ed] or had the effect of prohibiting" the ability to provide telecommunications services.  *See also Chen v. Geo Grp., Inc.*, 287 F. Supp. 3d 1158, 1166–67 (W.D. Wash. 2017) (Bryan, J.) (denying motion to dismiss claims under state's generally applicable minimum wage law on preemption grounds "because it relies on factual determinations about the status of detainees").  But that is not the case here.  The applicability of the Executive Order—a "[p]rohibition on immigrant deportations," Compl. Ex. A, at 1 (title)— to the Government and those who deal with it is plain on its face.  *See City of Arcata*, 2009 WL 1774269, at *2 (finding ordinance invalid on obstacle preemption grounds).

PLAINTIFF'S REPLY IN SUPPORT OF ITS
MOTION TO STAY DISCOVERY - 6
*United States v. King County, WA*, No. 2:20-cv-203.

**U.S. DEPARTMENT OF JUSTICE**
**1100 L St., NW**
**Washington, DC 20005**
**Tel: (202) 616-0680**

1  Dated:  April 24, 2020

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

BRIAN T. MORAN
United States Attorney

ALEXANDER K. HAAS
Director

JACQUELINE COLEMAN SNEAD
Assistant Branch Director

*/s/ Michael J. Gerardi*
Michael J. Gerardi (D.C. Bar No. 1017949)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW, Room 12212
Washington, D.C. 20005
Tel: (202) 616-0680
Fax: (202) 616-8460
E-mail: michael.j.gerardi@usdoj.gov

*Attorneys for Plaintiff*

PLAINTIFF'S REPLY IN SUPPORT OF ITS
MOTION TO STAY DISCOVERY - 7
*United States v. King County, WA*, No. 2:20-cv-203.

U.S. DEPARTMENT OF JUSTICE
1100 L St., NW
Washington, DC 20005
Tel: (202) 616-0680

1

## CERTIFICATE OF SERVICE

2        The undersigned certifies that all participants in the case are registered CM/ECF users

3   and that service will be accomplished by the CM/ECF system on April 24, 2020.

4                                        /s/*Michael J. Gerardi*
                                         Michael J. Gerardi (D.C. Bar No. 1017949)
5                                        Trial Attorney
                                         United States Department of Justice
6                                        Civil Division, Federal Programs Branch
                                         1100 L St. NW, Room 12212
7                                        Washington, D.C. 20005
                                         Tel: (202) 616-0680
8                                        Fax: (202) 616-8460
                                         E-mail: michael.j.gerardi@usdoj.gov

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

PLAINTIFF'S REPLY IN SUPPORT OF ITS
MOTION TO STAY DISCOVERY - 8
*United States v. King County, WA*, No. 2:20-cv-203.

U.S. DEPARTMENT OF JUSTICE
1100 L St., NW
Washington, DC 20005
Tel: (202) 616-0680