UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Plaintiff,<br>　　v.<br><br>KING COUNTY, WASHINGTON; DOW CONSTANTINE, in his official capacity as King County Executive,<br><br>　　　　　　　　　　Defendants. | CASE NO. 20-0203 RJB<br><br>ORDER ON PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS |

　　　THIS MATTER comes before the Court on the United States' Motion for Judgment on the Pleadings. Dkt. 15. The Court has considered the pleadings filed regarding the motion, oral argument heard on 22 May 2020, and the remaining file.

　　　On February 10, 2020, the United States filed this case challenging King County, Washington Executive Order PFC-7-1-EO, "King County International Airport—Prohibition on Immigration Deportations" ("Executive Order"). Dkt. 1. The United States now moves for a

ORDER ON PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS - 1

judgment on the pleadings. Dkt. 15. For the reasons provided below, the motion should be denied.

## I.     FACTS

The Executive Order at issue provides that "King County International Airport shall not support the transportation and deportation of immigration detainees in the custody of Immigration and Customs Enforcement." Dkt. 1-1, at 3. To that end, King County is directed to take several actions, including "[e]nsur[ing] that all future leases, operating permits and other authorizations for commercial activity at King County International Airport contain a prohibition against providing aeronautical or non-aeronautical services to enterprises engaged in the business of deporting immigration detainees (except for federal government aircraft), to the maximum extent permitted by applicable law." *Id.* In this case, the United States seeks a declaration invalidating and permanently enjoining the enforcement of the Executive Order as violative of the supremacy clause of the U.S. Constitution, the Airline Deregulation Act, 49 U.S.C. § 41713 ("ADA"), and the United States' rights in the parties' "Instrument of Transfer." Dkt. 1.

In their Answer, the County denies several of the United States' contentions and raises the following affirmative defenses, asserting that the United States' claims are barred by: (1) the Tenth Amendment to the U.S. Constitution and its anticommandeering rule, (2) the United States lack of standing because it has suffered no harm, (3) the case is not ripe, (4) the Defendants were acting as market participants, and (5) the Federal Aviation Administration has primary jurisdiction over the United States' claims. Dkt. 13.

The United States' motion to stay discovery was denied on April 27, 2020. Dkt. 21.

On April 16, 2020, the United States filed this motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). Dkt. 15. In this motion, the United States argues that the

Executive Order violates the supremacy clause's doctrines of intergovernmental immunity and conflict preemption. *Id.* In this motion, the United States concedes that discovery may be warranted for its claims under the ADA and for violation of the parties' "Instrument of Transfer." *Id.,* at 2, n. 2.

The County responds and opposes the motion, arguing that the United States' motion should not be granted because discovery is needed regarding the County's affirmative defenses of the United States' lack of standing, the controversy's lack of ripeness, and the County's acting as a market participant. Dkt. 22. The County also maintains that the United States' motion should be denied because the pleadings do not establish that the Executive Order violates the doctrines of intergovernmental immunity or is preempted. *Id.* The County asserts that the motion should also be denied because the pleadings do not demonstrate that the United States is entitled to a judgment in light of the County's Tenth Amendment affirmative defense. *Id.*

The United States filed a reply (Dkt. 23) and the motion is ripe for review.

## II.   DISCUSSION

**A. MOTION FOR JUDGMENT ON THE PLEADINGS STANDARD**

Fed. R. Civ. P. 12(c) provides that, "[a]fter the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings." As is relevant here, "under Federal Rule of Civil Procedure 12(c), a plaintiff is not entitled to judgment on the pleadings if the defendant's answer raises issues of fact or affirmative defenses." *Pit River Tribe v. Bureau of Land Mgmt.*, 793 F.3d 1147, 1159 (9th Cir. 2015). "Analysis under Rule 12(c) is substantially identical to analysis under Rule 12(b)(6)." *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012)(*internal quotations omitted*).

Fed. R. Civ. P. 12(b)(6) motions to dismiss may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the pleadings are construed in the non-moving party's favor. *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1989); *See Keniston v. Roberts*, 717 F.2d 1295 (9th Cir. 1983).

**B. STANDING**

"[N]o principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies. One element of the case-or-controversy requirement is that plaintiffs must establish that they have standing to sue." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 408 (2013)(*internal quotation marks and citations omitted*). "A plaintiff seeking to establish standing must show that: (1) he or she has suffered an injury in fact that is concrete and particularized, and actual or imminent; (2) the injury is fairly traceable to the challenged conduct; and (3) the injury is likely to be redressed by a favorable court decision." *W. Watersheds Project v. Grimm*, 921 F.3d 1141, 1146 (9th Cir. 2019).

   1. <u>Injury in Fact</u>

Article III standing requires the United States here to show that the pleadings demonstrate it suffered "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016). "If the plaintiff is not the target of the challenged government action or inaction, standing is not precluded, but it is ordinarily substantially more difficult to

establish." *United States v. City of Arcata*, 629 F.3d 986, 989 (9th Cir. 2010)(*internal quotation marks and citations omitted*).

The United States' motion for judgment on the pleadings (Dkt. 16) should be denied. The County's Answer's allegations and denials, if credited, indicate that the United States has not been injured by the Executive Order. At least, they raise sufficient issues of fact regarding the United States' injury to merit further discovery. Although the United States points to a press release by the County and asserts that the press release establishes that it was harmed, the United States fails to show that consideration of the press release is proper on a motion for a judgment on the pleadings like the one before the Court.

The United States relies on *Arcata,* to support its assertion that it has standing overall and an injury in fact. In *Arcata* the ordinances at issue specifically targeted the United States for regulation, they "expressly forbid[ed] agents or employees of the United States from 'recruit[ing], initiat[ing] contact with for the purpose of recruiting, or promot[ing] the future enlistment of any person under the age of eighteen into any branch of the United States Armed Forces'" and so the court concluded that the United States had an injury for purposes of standing. *Arcata*, at 989 (*quoting* the ordinance at issue). Here, to the contrary, the Executive Order specifically precludes enforcement against the United States and is limited to the "maximum extent permitted by applicable law," and concerns third parties. The United States' injury is not as clear cut here as in *Arcata*. Further discovery is warranted. Moreover, the *Arcata* court did not reach the other two prongs of the standing question because the defendants "did not contest" them. *Id*. The County here does.

       2.   <u>Injury Traceable to Executive Order</u>

ORDER ON PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS - 5

The second prong in establishing Article III standing requires the United States here to show that its "injury is fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court." *Mendia v. Garcia*, 768 F.3d 1009, 1012 (9th Cir. 2014).  The fact that harm to a plaintiff – the United States here - "may have resulted indirectly does not in itself preclude standing. Causation may be found even if there are multiple links in the chain connecting the defendant's unlawful conduct to the plaintiff's injury, and there's no requirement that the defendant's conduct comprise the last link in the chain." *Id.*

But, when a plaintiff "alleges that government action caused injury by influencing the conduct of third parties, more particular facts are needed to show standing . . . because the third parties may well have engaged in their injury-inflicting actions even in the absence of the government's challenged conduct." *Id.*, at 1013 (*internal quotation marks and citations omitted*).  "To plausibly allege that the injury was not the result of the independent action of some third party," the United States here must point to allegations in the pleadings that the County's allegedly "unlawful conduct is at least a substantial factor motivating the third parties' actions." *See, Id.*

Accepting the allegations and denials in the County's Answer to be true, as is required on this motion for judgment on the pleadings brought by the United States as Plaintiff, the United States has not shown that third parties' potential actions in the future were (or even will be) substantially motivated by the passage of the Executive Order.  The County's Answer denies that the United States has been injured by the Executive Order and the County denies that any third party was motivated to act differently due to the Executive Order.  Dkt. 13.  The United States has not established Article III causation on the pleadings.

### 3. Injury Likely to be Redressed by Favorable Decision

"To establish Article III redressability, the plaintiffs must show that the relief they seek is both (1) substantially likely to redress their injuries; and (2) within the district court's power to award. Redress need not be guaranteed, but it must be more than "merely speculative." *Juliana v. United States*, 947 F.3d 1159, 1170 (9th Cir. 2020).

The United States has not demonstrated that the pleadings show that its injury is likely to be redressed by a favorable decision.  Considering the procedural posture of this motion and the case generally, the United States is not yet able to demonstrate that invalidation of the Executive Order would redress an injury.

## C. RIPENESS

"The ripeness doctrine is drawn both from Article III limitations on judicial power and from prudential reasons for refusing to exercise jurisdiction." *Wolfson v. Brammer*, 616 F.3d 1045, 1057 (9th Cir. 2010)(*internal quotation marks and citation omitted*).  "Through avoidance of premature adjudication, the ripeness doctrine prevents courts from becoming entangled in abstract disagreements." *Id.*  "The constitutional component of ripeness overlaps with the 'injury in fact' analysis for Article III standing." *Id.*, at 1058.

As stated above, it is not clear at this stage of the litigation that the United States has an injury.  Considering the allegations in the pleadings, including all the County's denials, issues of ripeness and injury remain.

## D. CONCLUSION

The United States' Motion for a judgment on the pleadings (Dkt. 15) should be denied.  Crediting the County's denials in its Answer, as is required in this motion, the United States has not yet established that it has Article III standing or that the controversy is ripe.  The Court need

not reach the County's other arguments of why the motion should be denied. At this stage in the litigation, the parties should continue with discovery.

### III.   ORDER

**IT IS ORDERED THAT:**

- The United States' Motion for Judgment on the Pleadings (Dkt. 15) **IS DENIED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 27th day of May, 2020.

*Robert J. Bryan*
ROBERT J. BRYAN
United States District Judge