HONORABLE ROBERT J. BRYAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>KING COUNTY, WASHINGTON; DOW CONSTANTINE, in his official capacity as King County Executive,<br><br>    Defendants. | Case No. 2:20-cv-203 RJB<br><br>**STIPULATED PROTECTIVE ORDER** |

1. PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal. This Stipulated Protective Order governs how personally identifiable information (PII) is handled and prohibits improper disclosure of information subject to the Privacy Act of 1974, 5 U.S.C. § 552a, and regulations promulgated thereunder (collectively, the "Privacy Act") and information subject to

STIPULATED PROTECTIVE ORDER - 1
(Case No. 2:20-cv-203 RJB)

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

the Federal Trade Secret Act, 18 U.S.C. § 1905. Parties acknowledge any information produced in this litigation is Confidential.

2. "CONFIDENTIAL" AND "CONFIDENTIAL NON-PARTY" MATERIAL

"Confidential" material shall include the following documents and tangible things produced or otherwise exchanged:

1. Personal information, including PII covered by the Privacy Act and other personal information relating to or belonging to non-public facing federal officers, employees, and staff.

2. Sensitive information including, but not limited to, law enforcement sensitive information and other forms of information that are the property of the United States and not generally disclosed to the public.

3. Material that a party asserts, in good faith, contains trade secret, commercial, or financial information that is privileged or confidential, including information covered by the Federal Trade Secret Act (18 U.S.C. § 1905).

4. "Confidential Non-Party" material, which shall include information that a non-party asserts, in good faith, contains trade secret, commercial, or financial information that is privileged or confidential, including information covered by the Federal Trade Secret Act (18 U.S.C. § 1905) and has been so designated before being provided to a party in this litigation.

3. SCOPE

The protections conferred by this agreement cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material.

However, the protections conferred by this agreement do not cover information that is available to the general public or that becomes available to the general public through trial or otherwise. Plaintiff's position is that the disclosure of confidential information in discovery by

STIPULATED PROTECTIVE ORDER - 2
(Case No. 2:20-cv-203 RJB)

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

Plaintiff does not constitute an agency disclosure for purposes of the Freedom of Information Act, 5 U.S.C. § 552.

4. ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

    4.1    Basic Principles. A receiving party may use confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation and for prosecuting, defending, or attempting to resolve any action brought prior to the conclusion of this litigation, including any appeals, by the Federal Aviation Administration against King County pursuant to 14 CFR Part 13 or 14 CFR Part 16 ("FAA Action"), relating to the use or non-use of King County International Airport for immigration related flights. Confidential material disclosed pursuant to this agreement may not be used for any other purpose. Confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

    4.2    Disclosure of Confidential Information or Items. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any confidential material only to:

    (a)    the receiving party's counsel of record in this action or any FAA Action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

    (b)    the officers, directors, employees (including in house counsel), and elected officials of the receiving party to whom disclosure is reasonably necessary for this litigation or any FAA Action, unless the parties agree in writing that a particular document or material produced is for Attorney's Eyes Only and is so designated;

    (c)    persons or firms retained by a party for the purpose of litigation support (*e.g.*, e-discovery vendors/contract review attorneys, trial/jury consultants) or producing graphic or visual

STIPULATED PROTECTIVE ORDER - 3
(Case No. 2:20-cv-203 RJB)

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

aids in this litigation or any FAA action, as long as the persons or firms sign the "Acknowledgement and Agreement to Be Bound" (Exhibit B);

(d)     experts and consultants to whom disclosure is reasonably necessary for this litigation or any FAA Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit B);

(e)     mediators, the Court, any appellate court(s), court personnel, and court reporters and their staff in this litigation or any FAA action;

(f)     copy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

(g)     during their depositions, witnesses in this litigation or any FAA action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit B), unless otherwise agreed by the designating party in writing or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material must be designated confidential on the record at the deposition or at any time during the 15-day review period thereafter, separately bound by the court reporter, and may not be disclosed to anyone except as permitted under this agreement;

(h)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(i)     third parties subpoenaing documents or requesting documents pursuant to the Washington Public Records Act (Ch. 46.52 RCW), subject to the limitations and requirements set forth in Sections 7 and 8 of this Protective Order, below; and

(j)     any other person (i) agreed to by the parties in writing, as long as such persons comply with the procedures established under this agreement, or (ii) permitted by the Court.

4.3     <u>Filing Confidential Material</u>.  Before filing confidential material or discussing or referencing such material in court filings, the filing party shall confer with the designating party, in

STIPULATED PROTECTIVE ORDER - 4
(Case No. 2:20-cv-203 RJB)

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

accordance with Local Civil Rule 5(g)(3)(A), to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. During the meet and confer process, the designating party must identify the basis for sealing the specific confidential information at issue, and the filing party shall include this basis in its motion to seal, along with any objection to sealing the information at issue. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal. A party who seeks to maintain the confidentiality of its information must satisfy the requirements of Local Civil Rule 5(g)(3)(B), even if it is not the party filing the motion to seal. Failure to satisfy this requirement will result in the motion to seal being denied, in accordance with the strong presumption of public access to the Court's files.

5. DESIGNATING PROTECTED MATERIAL

5.1 Exercise of Restraint and Care in Designating Material for Protection. Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

STIPULATED PROTECTIVE ORDER - 5
(Case No. 2:20-cv-203 RJB)

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

5.2  **Manner and Timing of Designations**. Except as otherwise provided in this agreement (*see*, *e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

(a)  Information in documentary form: (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "CONFIDENTIAL" to each page that contains confidential material.  If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).  A non-party designating material as confidential must affix the words "CONFIDENTIAL – NON-PARTY" to each page that contains confidential material and clearly identify the protected portions as described above.

With respect to documents containing confidential material produced in native format, the designating party shall include the appropriate confidentiality designation in the file name and on a slip sheet accompanying the native file if the file is served electronically.

(b)  Testimony given in deposition or in other pretrial proceedings: the parties and any participating non-parties must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within fifteen (15) days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as confidential.  If a party or non-party desires to protect confidential information at trial, the issue should be addressed during the pre-trial conference.

(c)  Other tangible items:  the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

STIPULATED PROTECTIVE ORDER - 6
(Case No. 2:20-cv-203 RJB)

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

5.3     Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material.  If a party or non-party provides confidential material without designating it as "CONFIDENTIAL," or "CONFIDENTIAL – NON-PARTY" the party or non-party may provide timely written notice to the receiving party to treat the information as confidential, including by providing replacement materials appropriately designated "CONFIDENTIAL" or "CONFIDENTIAL NON-PARTY."  Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges. Any party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer. The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement.  Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action.  The certification must list the date, manner, and participants to the conference.  A good faith effort to confer requires a face-to-face meeting or a telephone conference.

6.3     Judicial Intervention.  If the parties cannot resolve a challenge without court intervention, the designating party or non-party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable).  The burden of persuasion in any such motion shall be on the designating party or non-party.  Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses

STIPULATED PROTECTIVE ORDER - 7
(Case No. 2:20-cv-203 RJB)

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

and burdens on other parties) may expose the challenging party or non-party to sanctions. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

7. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that party must:

(a) promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

Once notified, the designating party seeking to maintain the confidentiality of any information shall have the sole responsibility for obtaining any order it believes necessary to prevent disclosure of the information that has been subpoenaed, requested, or ordered. The subpoenaed party will not produce any of the documents designated "CONFIDENTIAL" while a motion for a protective order brought by the designating party pursuant to this paragraph is pending, or while an appeal from or request for appellate review of such motion is pending, unless a court orders production of materials that are subject to this agreement, then production of such materials pursuant to that Court Order shall not be deemed a violation of this agreement.

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL NON-PARTY," that party must:

STIPULATED PROTECTIVE ORDER - 8
(Case No. 2:20-cv-203 RJB)

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

       (a)    promptly notify the non-party and all other parties in this litigation in writing and include a copy of the subpoena or court order;

       (b)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement.  Such notification shall include a copy of this agreement; and

       (c)    cooperate with respect to all reasonable procedures sought to be pursued by the designating non-party whose confidential material may be affected.

Once notified, the non-party seeking to maintain the confidentiality of any information shall have the sole responsibility for obtaining any order it believes necessary to prevent disclosure of the information that has been subpoenaed, requested, or ordered, but this shall not preclude any other party from seeking an order to prevent such disclosure.  The subpoenaed party will not produce any of the documents designated "CONFIDENTIAL" while a motion for a protective order brought by the designating party pursuant to this paragraph is pending, or while an appeal from or request for appellate review of such motion is pending, unless a court orders production of materials that are subject to this agreement, then production of such materials pursuant to that Court Order shall not be deemed a violation of this agreement.

8. <u>WASHINGTON PUBLIC RECORDS ACT</u>

The parties agree that nothing in this agreement shall be construed to require King County to violate the Washington Public Records Act (Ch. 42.56 RCW) ("PRA"), or any other statute, administrative rule, or court rule.

Plaintiff asserts that documents it produces in discovery are federal records, some of which contain confidential material, and are subject to federal records laws and regulations and do not become state public records merely because they come into the possession of Defendants and/or that they are exempt from disclosure under one or more provisions of the PRA, including the controversy exemption.  Because Plaintiff has yet to produce any documents designated as "CONFIDENTIAL," Defendants take no position with respect to Plaintiff's assertions at this time, and specifically reserve the right to dispute or oppose Plaintiff's assertions in the future.

STIPULATED PROTECTIVE ORDER - 9
(Case No. 2:20-cv-203 RJB)

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

If at any time the County receives a PRA request seeking disclosure of any documents or information designated in this action as "CONFIDENTIAL" or "CONFIDENTIAL NON-PARTY", the County shall advise the requestor of Plaintiff's position and inform the requestor that it may also submit a FOIA request to the federal government for these materials, while also moving forward with responding to the requestor's PRA request.

The County agrees to provide copies of any documents designated as "CONFIDENTIAL" or "CONFIDENTIAL NON-PARTY" to Plaintiff and any applicable designating non-party thirty (30) days before providing any such documents to the PRA requestor, in order to provide Plaintiff or the designating non-party time to obtain a court order prohibiting disclosure of such documents, for the reasons Plaintiff articulated in its letter to the County for why 30 days is necessary (attached hereto as Exhibit A). Time shall be computed pursuant to the procedures of Fed. R. Civ. P. 6. After this 30-day period, the County shall be free to produce any such documents or information that had been provided to Plaintiff and any applicable designating non-party for their review, except as barred by a court order prohibiting disclosure.

If the PRA requestor seeks to compel the County to disclose the documents or information designated as confidential through a proceeding before a court or regulatory body, the County shall promptly provide Plaintiff and any applicable designating non-party, through their attorneys of record, with notice of the proceeding, so that they may seek to intervene and obtain a court order prohibiting disclosure of any documents or information designated confidential. The County agrees that it will not produce to a PRA requestor any document or information designated confidential while a court order prohibits disclosure of that specific confidential information or document. Such court order shall include an oral or written order prohibiting production or a stay prohibiting production pending further proceedings, appeal, or other writ.

STIPULATED PROTECTIVE ORDER - 10
(Case No. 2:20-cv-203 RJB)

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

In any PRA action relating to the disclosure or production of documents or information designated confidential the County reserves the right to take any position it deems appropriate or required under the PRA, including the right to assert that a particular document is or is not a public record, or is or is not exempt from disclosure, under the PRA.

If neither Plaintiff nor any affected non-party seeks to enjoin the release of specific records to a third party requestor, or if a court orders the records to be released to the requestor over the objection of Plaintiff or the affected non-party, the County will not be obligated to provide the notice contemplated by this Section 8 should it receive a subsequent request for the release of the same records. Notice still must be provided before any previously unreleased documents are released to any requestor, pursuant to the procedures set forth in this Section 8.

Upon the production of any documents or information designated "CONFIDENTIAL" or "CONFIDENTIAL – NON-PARTY" in response to a PRA request, King County shall provide a copy of that response to counsel of record for Plaintiff.

9. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit B.

Inadvertent disclosure of any Protected Material, regardless of whether said Protected Material was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of the protection of the Protected Material in accordance with the terms of this Order, either as to the specific Protected Material disclosed, or as to any other information relating thereto or relating to the same or related subject matter

STIPULATED PROTECTIVE ORDER - 11
(Case No. 2:20-cv-203 RJB)

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

10. **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

11. **NON TERMINATION AND RETURN OF DOCUMENTS**

At the conclusion of this action, including any appeals, Defendants agree that they will take all reasonable efforts to destroy materials provided by Plaintiff on the timeframe set forth in the Washington State Local Government Common Records Retention Schedule, Version 4.1 (August 2020),[1] or its equivalent in effect at the relevant time, and any other applicable Washington records retention laws. Defendants acknowledge that the current Retention Schedule provides that "discovery materials not submitted to the court" should be "[r]etain[ed] until resolution of case (including appeals) then [d]estroy[ed]."

Non-party requests (*e.g.* by subpoena or PRA request) for documents designated as "CONFIDENTIAL" during the retention period will be addressed in accordance with paragraphs 7 and 8 of this agreement.

12. **NON-WAIVER OF RIGHTS**

Neither the agreement of the parties with respect to confidential material, nor the designation of any information, document, or the like, as "CONFIDENTIAL", nor the failure to make such designation shall be construed as:

(a) evidence with respect to any issue on the merits in this action;

---

[1] Last accessed on October 16, 2020 at: https://www.sos.wa.gov/_assets/archives/recordsmanagement/local-government-common-records-retention-schedule-(core)-v.4.1-(august-2020).pdf.

STIPULATED PROTECTIVE ORDER - 12
(Case No. 2:20-cv-203 RJB)

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

(b)     waiving or restraining a party or non-party from using or disclosing its own confidential material as it deems appropriate;

(c)     waiving a party's right to object to any disclosure of confidential material or production of any documents it deems to contain confidential material on any ground other than confidentiality that it may deem appropriate;

(d)     waiving a party's right to redact from any documents, whether designated "CONFIDENTIAL" or not, any information containing privileged material or any other data protected from disclosure by state or federal law; or

(e)     allowing a party to argue that review of documents is unnecessary or that a producing party need not cull non-responsive, irrelevant, or other documents before producing to the requesting party.

The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED:  March 5, 2021

| | |
|---|---|
| BRIAN M. BOYNTON<br>Acting Assistant Attorney General<br><br>TESSA M. GORMAN<br>Acting United States Attorney<br><br>ALEXANDER K. HAAS<br>Director<br><br>JACQUELINE COLEMAN SNEAD<br>Assistant Branch Director<br><br><br>*/s/ Michael J. Gerardi*<br>Michael J. Gerardi<br>(D.C. Bar No. 1017949)<br>Trial Attorney<br>United States Department of Justice<br>Civil Division, Federal Programs Branch | HARRIGAN LEYH FARMER & THOMSEN LLP<br><br>By: *s/ Timothy G. Leyh*<br>By: *s/ Kristin E. Ballinger*<br>By: *s/ Shane P. Cramer*<br>    Timothy G. Leyh, WSBA #14853<br>    Kristin E. Ballinger, WSBA #28253<br>    Shane P. Cramer, WSBA #35099<br>    999 Third Avenue, Suite 4400<br>    Seattle, WA 98104<br>    Tel:  (206) 623-1700<br>    Email: timl@harriganleyh.com<br>    Email: kristinb@harriganleyh.com<br>    Email: shanec@harriganleyh.com |

STIPULATED PROTECTIVE ORDER - 13
(Case No. 2:20-cv-203 RJB)

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

| | |
|---|---|
| 1100 L St. NW, Room 12212<br>Washington, D.C. 20005<br>Tel: (202) 616-0680<br>Fax: (202) 616-8460<br>E-mail: michael.j.gerardi@usdoj.gov<br><br>*Attorneys for Plaintiff* | DANIEL T. SATTERBERG<br>King County Prosecuting Attorney<br><br>By: *s/ Timothy P. Barnes*<br>By: *s/ H. Kevin Wright*<br>　　Timothy P. Barnes, WSBA #29929<br>　　H. Kevin Wright, WSBA #19121<br>　　Senior Deputy Prosecuting Attorneys<br>　　516 Third Avenue, Suite W400<br>　　Seattle, WA 98104<br>　　Tel:  (206) 477-1120<br>　　Fax:  (206) 296-0191<br>　　Email: timothy.barnes@kingcounty.gov<br>　　Email: kevin.wright@kingcounty.gov<br><br>*Attorneys for King County and Dow Constantine* |

PURSUANT TO STIPULATION, IT IS SO ORDERED

IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any documents in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law.

DATED: March 8, 2021.

ROBERT J. BRYAN
United States District Judge

STIPULATED PROTECTIVE ORDER - 14
(Case No. 2:20-cv-203 RJB)

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

# EXHIBIT A



**U.S. Department of Justice**
Civil Division
Federal Programs Branch

| **Mailing Address** | **Overnight Delivery Address** |
|---|---|
| P.O. Box 883 | 1100 L Street, N.W. |
| Washington, D.C. 20044 | Washington, D.C. 20005 |

Tel: (202) 616-0680
Fax: (202) 616-8470
Michael.J.Gerardi@usdoj.gov

March 5, 2021

<u>Via Electronic Mail</u>

Shane Cramer
Harrigan Leyh Farmer & Thomsen LLP
999 Third Avenue, Suite 4400
Seattle, WA 98104

    RE: WPRA Requests for Documents Produced In *United States of America v. King County, et al.*, 20-cv-203 (W.D. Wash.)

Dear Shane:

    This letter memorializes our justification for requesting a thirty-day window in which to obtain a judicial order preventing public release of records produced pursuant to the protective order that you and I have negotiated and agreed to in principle in the above-referenced matter.

    The parties to this matter disagree about whether the Washington Public Records Act (WPRA) applies to documents the Federal Government produces in a federal court case subject to a protective order. The Federal Government has a federal common law right to control dissemination of its proprietary information that takes precedence over public records requests under state law. *United States v. City of Seattle*, No. 16-cv-889 (RAJ), 2017 WL 176541, at *1 (W.D. Wash. Jan. 17, 2017); *see also In re: U.S. Dep't of Homeland Security*, 459 F.3d 565, 570-571 (5th Cir. 2006); *City of Hartford v. Chase*, 942 F.2d 130, 135 (2d Cir. 1991); *Tuite v. Henry*, 181 F.R.D. 175, 177-78 (D.D.C. 1998); *Frankenhauser v. Rizzo*, 59 F.R.D. 339, 344 (E.D. Penn. 1973). Moreover, to the extent the WPRA applies at all to such records without implicating such concerns, these documents are protected from disclosure under the WPRA because disclosure would clearly not be in the public interest and would substantially and irreparably damage vital governmental functions. *See* RCW 42.56.540; *City of Seattle*, 2017 WL 176541, at *1. Both parties recognize that this issue may need to be resolved through litigation initiated by the Federal Government.

    The Assistant Attorney General ("AAG") for the Civil Division of the Department of Justice has the authority to authorize civil litigation by the Federal Government. The authorization process is initiated by "a written referral to the Civil Division. *See generally* Justice Manual 4-6.200, "Affirmative Litigation" (updated April 2018), *available at* https://www.justice.gov/jm/jm-4-6000-federal-programs. The authorization process usually takes a minimum of several weeks, but it can

vary depending upon the need for coordination with other government components and the AAG's workload and availability. It is a matter of some gravity for the Government to take any new action against another government, and before taking such a step, it does its utmost to ensure its decision-making process is as thoughtful and deliberate as possible.

In recognition of the time required for this authorization to play out, the negotiated protective order requires the County to provide notice to the Federal Government of a WPRA request for documents produced in discovery subject to the protective order. *See* Protective Order, § 8. The protective order further specifies a period of thirty days from the time of notice for the Federal Government to obtain a judicial order preventing release of the records. *Id.* This period is necessary in order for the Federal Government to follow its required procedures attendant to bringing suit against a sovereign entity such as King County.

Although we understand that King County endeavors to respond promptly to WPRA requests, we appreciate the County's acknowledgment of the gravity of this dispute and the need to follow appropriate protocols before initiating further litigation.

Sincerely,

ALEXANDER K. HAAS
Director

JACQUELINE COLEMAN SNEAD
Assistant Branch Director

*/s/ Michael J. Gerardi*
Michael J. Gerardi
Trial Attorney
Federal Programs Branch

CC: Counsel of Record

EXHIBIT B

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Western District of Washington on [date] in the case of *United States of America v. King County, et al.*, Case No. 2:20-cv-203 RJB (W.D. Wash.). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

STIPULATED PROTECTIVE ORDER – EXHIBIT B
(Case No. 2:20-cv-203 RJB)

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717