1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

HONORABLE ROBERT J. BRYAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

Plaintiff,

v.

KING COUNTY, WASHINGTON; DOW
CONSTANTINE, in his official capacity as
King County Executive,

Defendants.

Case No.  2:20-cv-203 RJB

DEFENDANTS' MOTION TO MODIFY
CASE SCHEDULE

NOTE ON MOTION CALENDAR:
OCTOBER 28, 2022

## I.     INTRODUCTION

Defendants King County and Dow Constantine (the County) move pursuant to Local Civil Rules 7(j) and 16(b)(6) and for the reasons below to modify the case schedule issued by the Court on May 23, 2022 (Dkt. #46).  There is good cause to extend the case schedule because, despite the County's diligence, there is extensive discovery remaining that affects potential expert witness disclosures and necessitates a trial continuance.  Additionally, extending the case schedule will accommodate the County's other trial obligations in the spring.  Although this is not a stipulated motion, the United States (the Government) does not oppose the County's motion to continue the case schedule.

## II.     STATEMENT OF FACTS

**A.     The Government Sued the County to Invalidate its Executive Order and Force the County to Assist the Government in its Deportation Mission.**

DEFENDANTS' MOTION TO MODIFY CASE SCHEDULE - 1
(Case No. 2:20-cv-203 RJB)

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

On February 10, 2020, the Government filed its complaint against the County alleging that a King County Executive Order is unconstitutional and preempted by federal law.  The Executive Order, issued on April 23, 2019, delegates authority to the King County Facilities Management Division to "[e]nsure that all future [fixed base operator (FBO)] leases, operating permits, and other authorizations for commercial activity at King County International Airport [a/k/a Boeing Field] contain a prohibition against providing aeronautical or non-aeronautical services to enterprises engaged in the business of deporting immigration detainees (except for federal government aircraft), to the maximum extent permitted by applicable law." Dkt. #1 (Ex. A).

On March 5, 2020, the County filed its Answer, denying the Government's substantive allegations and asserting eight affirmative defenses.  Dkt. #13.  Among other things, the County averred that the Executive Order, which only affects future leases of FBOs, does not harm ICE (*i.e.*, ICE lacks standing), the Executive Order does not pose an obstacle to ICE's immigration enforcement activities, the County is a market participant with the power to manage its assets as necessitated by market conditions, and the County is entitled under the Tenth Amendment to refuse to assist the Government in its immigration activities.  Dkt. #13.  Discovery to date demonstrates that the FBO's at Boeing Field decided not to service ICE flights for their own independent business reasons, including concerns about safety and protests at Boeing Field.

Approximately one month later, the Government moved for judgment on the pleadings, which the County opposed given the numerous factual issues that required discovery before a decision on the merits, including facts relevant to the Government's standing.  The Court agreed with the County, and denied the motion, stating "[c]rediting the County's denials in its Answer, as is required in this motion, the United States has not yet established that it has Article III standing or that the controversy is ripe." Dkt. #26.  The Court directed the parties to "continue with discovery." *Id.*

DEFENDANTS' MOTION TO MODIFY CASE SCHEDULE - 2
(Case No. 2:20-cv-203 RJB)

1

2

**B.     The County Has Been Diligently Working Towards Completing Fact and Expert Discovery.**

3

On May 23, 2022, the Court entered a Stipulated Modified Case Schedule, setting trial for

4

March 20, 2023, and interim deadlines for disclosing expert testimony under FRCP 26(a)(2)

5

(October 14, 2022[1]), filing discovery motions (November 3, 2022), and completing discovery

6

(December 19, 2022).  The County cannot reasonably meet these deadlines despite its diligence.

7

Although the case schedule has been modified several times by stipulation, the parties

8

stipulated that earlier modifications were caused by the Covid-19 pandemic and its effect on the

9

parties' ability to collect, review, and produce documents, and the Government's need for a

10

protective order to resolve its concerns about producing the personally identifiable information of

11

lower-level employees of Immigration and Customs Enforcement in light of the County's

12

obligations under the Washington Public Records Act.  *See* Dkt. #45.

13

Since entry of the May 23, 2022, order, the parties have continued to work towards

14

completing document discovery, but significant document discovery remains outstanding.  The

15

County issued additional discovery requests to the Government on August 31, 2022, and requested

16

that the Government supplement its prior document productions with documents responsive to

17

certain of its requests for productions created after the date of the complaint.  Martinez Decl. ¶ 3.

18

On September 30, 2022, the Government agreed to search for and produce these responsive

19

documents.  Martinez Decl. ¶ 4.  To date, the County has not received those documents, which the

20

County believes are relevant to its defense of demonstrating that the Government has not been

21

harmed by the Executive Order and that its immigrations operations have not been impacted by

22

any preempted action of the County.  Martinez Decl. ¶ 5.  The parties conferred on October 4,

23

2022, regarding the status of the Government's collection and review efforts, but the Government

24

was not able to commit to a date certain for that production given that it is reviewing

25

---

[1] The Government agreed to extend this deadline by stipulation pending the court's review of this motion.  The parties filed that stipulation contemporaneously with this motion.

DEFENDANTS' MOTION TO MODIFY CASE SCHEDULE - 3
(Case No. 2:20-cv-203 RJB)

1   approximately 15,000 documents and likely will need to apply redactions for personally

2   identifiable information.  Martinez Decl. ¶ 6.

3        Additionally, on June 7, 2022, the County issued a subpoena to GEO Group, the entity that

4   provides transportation for detainees between the Northwest Detention Center and the airports that

5   ICE uses for immigration flights (previously Boeing Field and currently Yakima Air Terminal).

6   Martinez Decl. ¶ 7.  The Government contends that costs for transportation increased when the

7   Government began using Yakima Air Terminal, a change it claims was needed because of the

8   Executive Order.  *See, e.g.*, Dkt. #1.  The County requested documents from GEO Group related to

9   these alleged cost increases but did not receive responsive documents based on GEO Group's

10   contention that the documents contain trade secret information and that the burden of providing

11   these documents was disproportionate to the needs of the case.  Martinez Decl. ¶ 7.  On September

12   20, 2022, the County conferred with GEO Group, and GEO Group agreed to produce select cost

13   documents, which the County agreed to review before seeking additional documents.  Martinez

14   Decl. ¶ 8.  GEO Group also informed the County that the Government receives monthly invoices

15   for transportation costs.  Martinez Decl. ¶ 9.  The County previously had requested those

16   documents from the Government, but they were never produced.  Martinez Decl. ¶ 10.  The

17   County again requested those documents on September 28, 2022, and the Government agreed to

18   search for invoice documents, but to date those have not been produced.  Martinez Decl. ¶ 11.

19        The County also successfully moved to compel compliance with document subpoenas from

20   Classic and iAero Airways, each of which failed to timely produce documents in response to the

21   County's subpoenas.  Classic produced responsive documents on July 20, 2022.  Martinez Decl. ¶

22   12.  iAero Airways was ordered to produce documents on October 21, 2022, though the County

23   reserved its rights to seek additional documents from iAero given its search parameters.  Martinez

24   Decl. ¶ 12.

25

DEFENDANTS' MOTION TO MODIFY CASE SCHEDULE - 4
(Case No. 2:20-cv-203 RJB)

1   In addition to written and document discovery, the parties have engaged in depositions.

2   Specifically, the County has deposed the former Deputy Director of the Seattle Field Office for

3   ICE, a corporate representative from Classic Air Charter (Classic) (the entity that charters ICE

4   flights), and both parties deposed a corporate representative for Modern Aviation (a fixed base

5   operator at Boeing Field). Martinez Decl. ¶ 13. The parties also have scheduled depositions for

6   Natalie Asher, former ICE employee (October 25, 2022), ICE's 30(b)(6) representative (October

7   20, 2022), and the County's 30(b)(6) representative (November 9, 2022). Martinez Decl. ¶ 14. In

8   addition to these scheduled depositions, the County anticipates deposing an ICE employee from

9   the ICE Air Operations division but cannot complete that deposition until the Government

10  completes its document productions. Martinez Decl. ¶ 15. The County also anticipates deposing a

11  GEO Group representative and an ICE contracting officer but cannot productively  take these

12  depositions until both GEO Group and the Government have produced responsive documents

13  related to the GEO Group contract. Martinez Decl. ¶ 16. The County may depose a corporate

14  representative from iAero Airways but cannot determine whether a deposition is needed until the

15  County has the opportunity to review its forthcoming document production. Martinez Decl. ¶ 17.

16      As a result of the remaining fact discovery, the County's government contracting expert

17  cannot proceed with evaluating the Government's contention that its costs have increased based on

18  operating flights from Yakima. Martinez Decl. ¶ 18. To date, document discovery and deposition

19  testimony suggest that the GEO Group contract could have been optimized to avoid any alleged

20  increased costs given that the contract obligates the Government to pay for a "guaranteed

21  minimum" number of miles, but the County's government contracting expert can provide his

22  opinion once all pertinent documents are produced and deposition testimony on this topic is taken

23  from ICE and GEO Group. Martinez Decl. ¶ 18. The County anticipates it will be several months

24  before the final document productions, necessary depositions, and expert work can be complete.

25

DEFENDANTS' MOTION TO MODIFY CASE SCHEDULE - 5
(Case No. 2:20-cv-203 RJB)

LAW OFFICES
HARRIGAN LEYH FARMER & THOMSEN LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

**C.    A Trial Date in July 2023 Is the Earliest Available Date.**

In addition to the outstanding discovery necessary for its defenses, an extension also is needed because of counsel's trial schedule in other matters.  On October 6, 2022, King County Superior Court issued a revised case schedule for a complex products liability litigation in which counsel represents King County.  Martinez Decl. ¶ 19.  That case was rescheduled for trial on April 24, 2023, based on the trial court's criminal docket backlog, and is scheduled for six weeks.  Martinez Decl. ¶ 19.  Counsel also has trial scheduled on June 20, 2023 in another matter pending before Judge Zilly, which is anticipated to last three weeks.  Martinez Decl. ¶ 19.  Accordingly, the earliest the County can try this case is July 20, 2023.

**D.    The Government Takes No Position on an Extension.**

On October 4, 2022, the County and the Government conferred regarding outstanding discovery and the Government indicated an extension for discovery may be appropriate.  Martinez Decl. ¶ 20.  The County thereafter provided the Government with a proposed case schedule extension, extending the trial date and accompanying dates by approximately four months.  Martinez Decl. ¶ 21 & Ex. A.

The Government declined to stipulate to the modified case schedule and informed the County that the County should represent the Government's position with respect to a motion for an extension as follows:

> The United States takes no position on the proposed motion for an extension and, on that basis, will not oppose it.  *See* W.D. Wa. L.R. 7(d)(1).  Because the United States does not believe further discovery is necessary in this case, it intends to file a renewed motion for judgment on the pleadings, or in the alternative for summary judgment, by early November.

Martinez Decl. Ex. A.

## III.    ARGUMENT

The Court may modify a scheduling order if a party demonstrates "good cause."  Fed. R. Civ. P. 16(b)(4).  The decision to modify a scheduling order is within the broad discretion of the

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

district court. *Ginzkey v. Nat'l Sec. Corp.*, No. 18-1773, 2022 WL 1110976, at *1 (W.D. Wash. Mar. 10, 2022) (citation omitted). The good cause standard primarily considers "the diligence of the party seeking amendment." *Id.* "If a party has acted diligently yet cannot reasonably meet the scheduling deadlines, the court may allow modification of the schedule." *Id.*

Here, the County has acted diligently in requesting documents from the Government and third parties with information relevant to this litigation. Despite that diligence, the Government, iAero, and GEO Group have significant outstanding document discovery, which the County needs before it reasonably can take several of the remaining fact witness depositions. Moreover, the County has not received documents necessary for the County to complete its FRCP 26(a)(2) disclosures. Once the County receives complete document productions, it will diligently review those documents and then prepare for and complete depositions and its disclosure obligations. Accordingly, there is good cause to extend the case schedule. *E.g.*, *Carlson v. Am. Pac. Mortg. Corp.*, No. 2:14-CV-01141, 2015 WL 1883974, at *2 (W.D. Wash. Apr. 24, 2015) (finding good cause to extend case schedule where financial documents had not been produced and were needed for expert reports); *Rain Gutter Pros, LLC v. MGP Mfg., LLC*, No. C14-0458, 2015 WL 6030678, at *2 (W.D. Wash. Oct. 15, 2015) (finding good cause to modify case schedule where plaintiff delayed document production and defendant "had logical reason to wait to take the depositions . . . until after it received [the] document production from [p]laintiff").

Given the body of discovery work that remains incomplete and that winter holiday schedules likely will limit the availability of witnesses, the County requests that the court extend the case schedule by approximately four months. This also will allow the County's counsel to prepare for trial given its other trial schedules in the spring.

The Government does not oppose this extension. *See* Martinez Decl. Ex. A.

## IV. CONCLUSION

For the above reasons and for good cause shown, King County requests that the Court

DEFENDANTS' MOTION TO MODIFY CASE SCHEDULE - 7
(Case No. 2:20-cv-203 RJB)

extend the case schedule by four months consistent with the proposed case scheduling order.

DATED this 13th day of October 2022.

HARRIGAN LEYH FARMER & THOMSEN LLP

By: _s/ Timothy G, Leyh_
By: _s/ Shane P. Cramer_
By: _s/ Ariel Martinez_
    Timothy G. Leyh, WSBA #14853
    Shane P. Cramer, WSBA #35099
    Ariel Martinez, WSBA #54869
    999 Third Avenue, Suite 4400
    Seattle, WA 98104
    Tel:  (206) 623-1700
    Email: timl@harriganleyh.com
    Email: shanec@harriganleyh.com
    Email: arielm@harriganleyh.com

DANIEL T. SATTERBERG
King County Prosecuting Attorney

By: _s/ Timothy P. Barnes_
    Timothy P. Barnes, WSBA #29929
    Senior Deputy Prosecuting Attorneys
    516 Third Avenue, Suite W400
    Seattle, WA 98104
    Tel:  (206) 477-1120
    Fax:  (206) 296-0191
    Email: timothy.barnes@kingcounty.gov

*Attorneys for King County and Dow Constantine*

DEFENDANTS' MOTION TO MODIFY CASE SCHEDULE - 8
(Case No. 2:20-cv-203 RJB)

LAW OFFICES
HARRIGAN LEYH FARMER & THOMSEN LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717