# EXHIBIT A

The Honorable Robert J. Bryan

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KING COUNTY, WASHINGTON; DOW CONSTANTINE, in his official capacity as King County Executive<br><br>Defendants. | No. 2:20-cv-203<br><br>**PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT KING COUNTY'S FIRST SET OF DISCOVERY REQUESTS** |

Pursuant to Federal Rules of Civil Procedure 26, 33, and 34, Plaintiff, the United States of America ("the Government"), through their undersigned counsel, submit initial objections and responses to Defendants' First Set of Discovery Requests, served March 30, 2020.

In presenting these objections and responses, and agreeing to search for responsive documents, the Government does not waive any further objection in discovery, pretrial motions practice, or at trial to the admissibility of evidence on the grounds of relevance, materiality, privilege, competency, or any other appropriate ground.  In particular, the Government maintains that judgment on the pleadings is appropriate in this case, and does not waive this argument by responding to Defendants' requests as directed by the Court.  The Government will supplement these objections and responses as appropriate pursuant to Federal Rule of Civil Procedure 26(e).

PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT KING COUNTY'S FIRST SET OF DISCOVERY REQUESTS - 1

*United States v. King County, WA*, No. 2:20-cv-203.

**U.S. DEPARTMENT OF JUSTICE**
1100 L St., NW
Washington, DC 20005
Tel: (202) 616-0680

"immigrant detainee" to mean "detained alien" as defined under 8 U.S.C. § 1101(a)(3). The Government further objects that the "concerns" of FBOs are not relevant to the claims or defenses in this case. The Government further objects that this interrogatory seeks the identity of "every FBO," with no geographic limit, over a four-year time period, and is therefore overbroad, unduly burdensome, and disproportionate to the needs of the case. The Government further objects that the interrogatory seeks information in the possession, custody, or control of Defendants or third parties and can therefore be more readily obtained through other discovery mechanisms. The Government further objects that this interrogatory is not necessary to resolution of the Government's motion for judgment on the pleadings.

**Response**: The Government contracts with a chartering firm, Classic Air Charter, that works with air carriers and FBOs to arrange for flights on behalf of ICE Air Operations. Classic Air Charter reported that fixed-base operators at Boeing Field in King County, Washington, and Paine Field in Snohomish County, Washington, refuse to service ICE Air flights. On May 2, 2019, Classic Air Charter reported that the following fixed base operators at Boeing Field refuse to provide services for ICE Air flights: Modern Aviation (formerly Clay Lacy), Signature Aviation, and Ken-Moore Aero. On May 3, 2019, Classic Air Charter reported that the fixed-base operator at Paine Field, Castle and Cooke, refuses to provide services for ICE Air flights.

**Interrogatory No. 5:** Identify every third party of which You are aware that has been involved in Your transportation of immigration detainees, including those with which the United States has contracted, at any time during the Relevant Time Period.

**Objections:** The Government objects that the term "involved" is not defined and is susceptible to multiple interpretations, and is therefore vague and ambiguous. The Government further objects to the term "immigration detainees" because it is not defined, vague and ambiguous, and susceptible to multiple interpretations. The Government will interpret "immigrant detainee" to mean "detained alien" as defined under 8 U.S.C. § 1101(a)(3). The Government further objects that this interrogatory, which seeks the identity of "every third party,"

PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT KING COUNTY'S FIRST SET OF DISCOVERY REQUESTS - 5

*United States v. King County, WA*, No. 2:20-cv-203.

U.S. DEPARTMENT OF JUSTICE
1100 L St., NW
Washington, DC 20005
Tel: (202) 616-0680

with no geographic limit, over a four-year period, seeks irrelevant information and is overbroad, unduly burdensome, and disproportionate to the needs of the case. The Government further objects that the interrogatory seeks information in the possession, custody, or control of third parties, and can therefore be more readily obtained through other discovery mechanisms. The Government further objects that this interrogatory is not necessary to resolution of the Government's motion for judgment on the pleadings.

In light of these objections, the Government will limit its answer to entities with which it has a formal, contractual relationship relevant to operating ICE Air flights related to its operations in the State of Washington.

**Response**: The Government contracts with a chartering firm, Classic Air Charter, which in turn arranges for air carriers and aeronautical services, including onboard crew, guard services, and medical services, from various subcontractors. ==The Government also contracts with The GEO Group, Inc., which provides detention services, including transportation in the Northwest region.==

**Interrogatory No. 6:** Identify every airport in the United States that has been used for ICE Air Operations, as that term is used in the complaint, at any time during the Relevant Time Period, specifically stating the periods during which every such airport was used to conduct ICE Air Operations.

**Objections:** The Government objects to this interrogatory for production to the extent it seeks information protected by privileges, including the attorney-client privilege, the deliberative process privilege, the work product doctrine, the law enforcement or investigatory files privilege, the Privacy Act, and any other applicable privileges. The Government further objects that this interrogatory, which seeks the identity and duration of use of "every airport" over a four-year period, with no geographic scope, seeks information that is not relevant to the case and is overbroad, unduly burdensome, and disproportionate to the needs of the case. The Government

PLAINTIFF'S OBJECTIONS AND RESPONSES TO
DEFENDANT KING COUNTY'S FIRST SET OF
DISCOVERY REQUESTS - 6

*United States v. King County, WA*, No. 2:20-cv-203.

U.S. DEPARTMENT OF JUSTICE
1100 L St., NW
Washington, DC 20005
Tel: (202) 616-0680

Government further objects that this interrogatory is not necessary to resolution of the Government's motion for judgment on the pleadings.

**Response**: After being told by fixed-base operators at Boeing Field that they would no longer service ICE Air flights, ICE officials initially made efforts to secure an alternate site for ICE Air flights at Paine Field in Everett, Washington; Bellingham International Airport in Bellingham, Washington; and Seattle-Tacoma International Airport in Seattle, Washington, without success. Yakima Air Terminal was the first and closest airport to affirmatively respond when requested to accommodate ICE flights. ICE also considered Portland International Airport in Portland, Oregon, but Portland is a similar distance from the Northwest Detention Center in Tacoma as Yakima, and would present similar issues in terms of drive times and expenses.

**Interrogatory No. 13:** Identify and describe in detail all facts supporting Your contention in paragraph 7 of the complaint that "[t]his relocation has restricted ICE's operations, such that it interferes with ICE's ability to enforce federal immigration law."

**Objections:** The Government objects to this interrogatory to the extent it seeks information protected by privileges, including the attorney-client privilege, the deliberative process privilege, the work product doctrine, the law enforcement or investigatory files privilege, the Privacy Act, and any other applicable privileges. The Government further objects to the relevance of this interrogatory insofar as the question of burden is legal, not factual. The Government objects to the phrase "detail all facts supporting Your contention in paragraph 7" as overbroad, unduly burdensome, and disproportionate to the needs of the case. The Government further objects that this interrogatory is not necessary to resolution of the Government's motion for judgment on the pleadings.

**Response**: ICE conducts flights at least once a week during normal operations, and it was often necessary to have a second flight during the spring and summer of 2019 due to the influx of aliens at the Southwest border. Transporting detainees from Tacoma to Yakima, as compared to Tacoma to Boeing Field, adds, at a minimum, six hours of travel time to the process of executing

PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT KING COUNTY'S FIRST SET OF DISCOVERY REQUESTS - 12

*United States v. King County, WA*, No. 2:20-cv-203.

U.S. DEPARTMENT OF JUSTICE
1100 L St., NW
Washington, DC 20005
Tel: (202) 616-0680

an ICE Air flight. Additionally, the transport to Yakima and back frequently requires the use of an additional bus and two additional officers, as well as additional meal and fuel costs. This takes resources away from federal law enforcement tasks that would otherwise be performed if the ICE Air flights were flying out of Boeing Field. Relocation of the ICE Air flights to Yakima also impacts ICE operations in Yakima, requiring ICE to utilize staffing of at least two officers from its Yakima sub-office to facilitate the flight processing in Yakima. Additionally, travel over the mountain passes in winter is hazardous, and frequently either slowed significantly by road conditions or suspended altogether, as was the case on January 14, 2020, when an ICE Air flight had to be cancelled due to road conditions prohibiting transport.

**Interrogatory No. 14:** Identify Your employees or agents who are most knowledgeable about all facts and circumstances related to your response to Interrogatory No. 13.

**Objections:** The Government objects that this interrogatory is duplicative of other rules and requirements of discovery, including initial disclosures and interrogatory verifications. The Government further objects to this interrogatory to the extent it seeks information protected by privileges, including the attorney-client privilege, the deliberative process privilege, the work product doctrine, the law enforcement or investigatory files privilege, the Privacy Act, and any other applicable privileges. The Government further objects to the phrase "all facts and circumstances related to your response to Interrogatory No. 13" as overbroad, unduly burdensome, and disproportionate to the needs of the case. The Government further objects that this interrogatory is not necessary to resolution of the Government's motion for judgment on the pleadings.

**Response**: The Government directs Defendants to the Government's Initial Disclosures and to the verifications for these interrogatory responses for identification of individuals knowledgeable about the facts and circumstances underlying the responses to these Interrogatories.

PLAINTIFF'S OBJECTIONS AND RESPONSES TO
DEFENDANT KING COUNTY'S FIRST SET OF
DISCOVERY REQUESTS - 13

*United States v. King County, WA*, No. 2:20-cv-203.

**U.S. DEPARTMENT OF JUSTICE**
1100 L St., NW
Washington, DC 20005
Tel: (202) 616-0680

1 **Response**: Subject to and without waiving the above objections, the Government will conduct a reasonable search for documents in its possession, custody, or control for documents responsive to Defendants' request, and produce those non-privileged, responsive documents yielded by that search on a rolling basis following entry of a protective order, if necessary, and an agreement regarding electronically stored information.

As to the responses to Defendants' interrogatories, please see the signed verifications attached as Exhibit A.

As to the objections to Defendants' interrogatories, and the responses and objections to Defendants' requests for production:

Respectfully submitted,　　　　　　　　　　April 29, 2020

JOSEPH H. HUNT
Assistant Attorney General

BRIAN T. MORAN
United States Attorney

ALEXANDER K. HAAS
Director

JACQUELINE COLEMAN SNEAD
Assistant Branch Director

*/s/ Michael J. Gerardi*
Michael J. Gerardi (D.C. Bar No. 1017949)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW, Room 12212
Washington, D.C. 20005
Tel: (202) 616-0680
Fax: (202) 616-8460
E-mail: michael.j.gerardi@usdoj.gov

*Attorneys for Plaintiff*

PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT KING COUNTY'S FIRST SET OF DISCOVERY REQUESTS - 28

*United States v. King County, WA*, No. 2:20-cv-203.

**U.S. DEPARTMENT OF JUSTICE**
**1100 L St., NW**
**Washington, DC 20005**
**Tel: (202) 616-0680**

# CERTIFICATE OF SERVICE

I hereby certify that on April 29, 2020, a copy of the document above was served by email on the following:

>Timothy G. Leyh
>Shane P. Cramer
>Kristin E. Ballinger
>Harrigan Leyh Farmer & Thomsen LLP
>999 Third Avenue, Suite 4400
>Seattle, WA  98104
>Tel:     (206) 623-1700
>Fax:    (206) 623-8717
>Email: timl@harriganleyh.com
>            shanec@harriganleyh.com
>            kristinb@harriganleyh.com

>H. Kevin Wright
>Timothy P. Barnes
>King County Prosecuting Attorney's Office
>516 Third Avenue, Suite W400
>Seattle, WA  98104
>Tel:     (206) 477-1120
>Fax:    (206) 296-0191
>Email: kevin.wright@kingcounty.gov
>            timothy.barnes@kingcounty.gov

/s/*Michael J. Gerardi*
Michael J. Gerardi (D.C. Bar No. 1017949)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW, Room 12212
Washington, D.C. 20005
Tel: (202) 616-0680
Fax: (202) 616-8460
E-mail: michael.j.gerardi@usdoj.gov

PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT KING COUNTY'S FIRST SET OF DISCOVERY REQUESTS - 29
*United States v. King County, WA*, No. 2:20-cv-203.

U.S. DEPARTMENT OF JUSTICE
1100 L St., NW
Washington, DC 20005
Tel: (202) 616-0680

## VERIFICATION OF INTERROGATORY ANSWERS

I, Benjamin Shih, am a Section Chief within the Detention, Compliance & Removals Division for the Office of Acquisition Management for the United States Immigration and Customs Enforcement, within the Department of Homeland Security. I believe, based on a reasonable inquiry, that the foregoing answers to Interrogatory Numbers 1, 5, and 20 are true and correct to the best of my knowledge, information, and belief.

I verify under penalty of perjury that the foregoing is true and correct.

Executed on April 29, 2020.

Benjamin Shih
Section Chief
Detention, Compliance & Removals
Office of Acquisition Management
Immigration and Customs Enforcement
Department of Homeland Security

# VERIFICATION OF INTERROGATORY ANSWERS

I, William E. Waddington, am a Management and Program Analyst for ICE Air Operations for Enforcement and Removal Operations, United States Immigration and Customs Enforcement, within the Department of Homeland Security. I believe, based on a reasonable inquiry, that the foregoing answers to Interrogatory Numbers 1, 3, 4, 5, 6, 7, 8, 10, 11, 12, 15, 17, 18, 19, 20 are true and correct to the best of my knowledge, information, and belief.

I verify under penalty of perjury that the foregoing is true and correct.

Executed on April 29, 2020.


William E. Waddington
Management and Program Analyst
Enforcement and Removal Operations
Immigration and Customs Enforcement
Department of Homeland Security

# VERIFICATION OF INTERROGATORY ANSWERS

I, Bryan S. Wilcox, am Deputy Field Office Director for Enforcement and Removal Operations, Seattle, Washington, United States Immigration and Customs Enforcement, within the Department of Homeland Security. I believe, based on a reasonable inquiry, that the foregoing answers to Interrogatory Numbers 1, 2, 13, 14 and 16 are true and correct to the best of my knowledge, information, and belief.

I verify under penalty of perjury that the foregoing is true and correct.

Executed on April 29, 2020.

*Bryan S. Wilcox*

Bryan S. Wilcox
Deputy Field Office Director
Enforcement and Removal Operations
Immigration and Customs Enforcement
Department of Homeland Security