UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:20-cv-00203-RJB |
| Plaintiff, | ORDER ON NON-PARTY GEO |
| v. | GROUP'S MOTION TO QUASH OR MODIFY SUBPOENAS AND FOR PROTECTIVE ORDER |
| KING COUNTY, WASHINGTON; DOW CONSTANTINE, in his official capacity as King County Executive, | |
| Defendants. | |

This matter comes before the Court on Non-Party GEO Group's ("GEO") Motion to Quash or Modify Subpoenas and for Protective Order. Dkt. 54. The Court has considered the pleadings filed in support of and in opposition to the motion and the file herein.

## **FACTS**

**Background Facts**. On February 10, 2020, the United States filed this case challenging King County, Washington Executive Order PFC-7-1-EO, "King County International Airport— Prohibition on Immigration Deportations" ("Executive Order"). Dkt. 1. The Executive Order requires, in part, that "future leases, operating permits and other authorizations for commercial

activity at King County International Airport contain a prohibition against providing aeronautical or non-aeronautical services to enterprises engaged in the business of deporting immigration detainees . . .” Dkt. 1-1, at 3.  Defendant King County owns and operates the King County International Airport.  *Id.*  The United States maintains that it is damaged by the Executive Order.  *Id.*

The United States indicates in responses to the Defendants' interrogatories that contractors at the King County International Airport have now refused to provide services for ICE flights, necessitating that detainees be transported elsewhere.  Dkt. 62-1 at 4-6.  The United States also states that the Yakima Air Terminal has been willing to provide services for ICE flights but that it costs the United States more to use the Yakima Air Terminal rather than a closer terminal, like the King County International Airport.  *Id.*

GEO, a non-party and the entity seeking relief in this motion, contracts with the United States to run the Northwest ICE Processing Center in Tacoma, Washington (“Center”).  Dkt. 55.  GEO is also the entity that the United States contracts with to transport detainees from the Center to other facilities in the Pacific Northwest, including to the Yakima Air Terminal.  Dkt. 62-1 at 4-6.

**Facts Related to Motion**.  On March 8, 2021, the Court entered a stipulated protective order limiting the use of material that is designated as confidential.  Dkt. 37.  It provides for “Confidential Non-Party” material, including allowing for non-parties to make “confidential” designations of those materials.  *Id.*

After the exchange of various discovery between the Defendants and the United States, on April 12, 2021, the United States produced copies of its contracts with GEO but did not produce

other cost or payment documents.  Dkt. 62 at 2.  On February 4, 2022, the United States

indicated that its document production was substantially complete.  *Id.*

**Document Subpoena to GEO**.  On June 7, 2022, the Defendants issued a document

subpoena to GEO; responses were due by June 28, 2022.  Dkt. 56 at 5-12.  GEO responded to the

document subpoena by producing documents and by objecting.  Dkt. 56.  After the Defendants

reviewed GEO's responses, it sought only nine months of financial packets of cost information

related to transportation to various airfields based on GEO's contracts with the United States, in

electronic format.  Dkt. 62 at 3.  The Defendants asked for, and the United States produced,

documents in its possession related to this cost information.  *Id.*  On October 25, 2022, the

United States produced invoices (marked confidential) but no other supporting financial

documents.  *Id.*

**Witness Subpoena to GEO**.  On September 7, 2022, the Defendants issued a subpoena to

GEO requiring that it designate one or more persons to testify on its behalf pursuant to Fed. R.

Civ. P. ("Rule") 30(b)(6).  *Id.* at 14-19.  GEO has agreed to provide a Rule 30(b)(6) witness.

Dkt. 55. GEO and the Defendants have not yet scheduled a date for the deposition, but have

agreed to cooperate to determine one.  Dkt. 62.

**Pending Motion**.  Non-party GEO now moves to quash or modify both the document and

witness subpoenas issued by the Defendants and for an order protecting it from having to

respond to further discovery in this case.  Dkts. 54 and 63.

The Defendants oppose the motion.  Dkt. 61.  The motion is ripe for decision.

## DISCUSSION

**A.  MOTION TO QUASH OR MODIFY SUBPOENAS**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

Under Fed. R. Civ. P. 45(d)(3)(A), a court "must quash or modify a subpoena that . . . (iii) requires disclosure of privileged or other protected material . . . or (iv) subjects a person to undue burden."  Subpoenas are subject to the requirements of Rule 26(b), and therefore may seek the production of documents or testimony that is "nonprivileged, . . . relevant to a party's claim or defense and proportional to the needs of the case . . ." Fed. R. Civ. P. 26(b)(1); *See RP Golden State Mgmt., LLC v. Ohio Sec. Ins. Co.*, 2020 WL 4748324, at *4 (E.D. Cal. Aug. 17, 2020).

          1.  Document Subpoena

GEO's motion to quash or modify the document subpoena should be denied.  It has not shown that disclosing the nine months of electronically stored financial documents relating to transportation costs that the Defendants seek subject it to an "undue burden" considering the materials' importance in the case.  The Defendants have shown that the documents are relevant and proportional to the needs of the case.  Rule 26(b).  There is no showing that the materials can be obtained from some other source.  Further, while GEO asserts that these materials are "privileged or protected material," the protective order entered in the case covers these materials.

Although GEO further argues that other provisions of the document subpoena are overbroad, the Defendants now indicate that the last discovery they seek are the nine months of documents referenced above.  Dkt. 61.  Defendants statements should be construed as their agreement not to seek to enforce other portions of the subpoena.  "Although a subpoena is a court order, once a person objects to the subpoena, the party seeking to enforce the subpoena must seek a court order directing compliance."  *Palmer v. Ellsworth*, 12 F.3d 1107 (9th Cir. 1993).  Accordingly, GEO's motion to quash or modify the remaining portion of the document subpoena is moot.

1    Lastly, the motion to quash or modify the document subpoena was untimely.

2  "A nonparty objecting to a subpoena must file a motion to quash the subpoena before the

3  deposition date identified in the subpoena or the requested date for production of documents."

4  *See Franco v. Alorica Inc.*, 2021 WL 6104816, at *3 (C.D. Cal. Nov. 5, 2021).  The requested

5  date for production of the documents was June 28, 2022.  Dkt. 56 at 5-12.  This motion was not

6  filed until October 27, 2022.  The motion to quash or modify the document subpoena should be

7  denied.

8    GEO further moves the Court to require the parties to use GEO's documents as

9  "attorneys' eyes only."  Dkt. 54.  GEO's motion should be denied.  GEO fails to demonstrate

10  that the existing protective order lacks sufficient protection.

11    2.   Witness Subpoena

12    GEO moves to quash or modify topic 1 (regarding GEO's communications with the

13  United States regarding the Executive Order), topic 2 (relating to GEO's communications with

14  the United States about use of the Yakima Air Terminal), and topic 6 (regarding GEO's contracts

15  (and amendments) with the United States related to GEO's transportation of detainees), of the

16  witness deposition subpoena.  GEO argues that the information can be obtained through party

17  discovery, and so unduly burdens it.  Dkt. 54.

18    GEO's motion to quash or modify topics 1, 2, and 6 should be denied.  It has not shown

19  that the information sought can be obtained through discovery from the United States.  The

20  Defendants properly point out that GEO's understanding of the communications and contract are

21  relevant to the claims and defenses in the case.  Testimony is significantly narrow – it relates

22  only to transportation.  The Defendants have shown that the testimony is potentially relevant and

23  is proportional to the needs of the case.  Rule 26(b).

24

ORDER ON NON-PARTY GEO GROUP'S MOTION TO QUASH OR MODIFY SUBPOENAS AND FOR
PROTECTIVE ORDER - 5

1     GEO also moves to quash or modify topic 6 (regarding GEO's contracts (and

2   amendments) with the United States related to GEO's transportation of detainees), topic 7

3   (relating to GEO's knowledge of requests for proposals for contractor services) and topic 8 (all

4   payments and/or other amounts due or required under the contract with the United States for

5   transportation services to/from Yakima Air Terminal and to/from Boing Field) by arguing that

6   these topics seek testimony on "highly confidential" commercial and financial information.  Dkt.

7   54.

8        GEO's motion to quash or modify topics 6-8 should be denied.  The protective order

9   entered in the case provides protection for deposition testimony.  GEO has not met the

10  requirements of Rule 45(d).  Moreover, the Defendants have shown that the testimony is

11  potentially relevant and is proportional to the needs of the case.  Rule 26(b).

12      **B.  MOTION FOR PROTECTIVE ORDER**

13       Under Rule 26(c) a court may issue a protective order if the party seeking the order

14  establishes "good cause" and the protective order is required "to protect a party or person from

15  annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1).

16  "For good cause to exist, the party seeking protection bears the burden of showing specific

17  prejudice or harm will result if no protective order is granted." *Phillips ex rel. Estates of Byrd v.*

18  *Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002).

19       GEO's motion for an order protecting it from further discovery requests from Defendant

20  (Dkt. 54) should be denied.  Good cause does not exist to issue the order.  GEO states that it has

21  tried to be cooperative and now wishes to "be relieved of any further discovery in this case."

22  Dkt. 63.  It has not shown a "specific prejudice or harm" that would result if the protective order

23  were not granted.  The motion for a protective order should be denied.

24

ORDER ON NON-PARTY GEO GROUP'S MOTION TO QUASH OR MODIFY SUBPOENAS AND FOR
PROTECTIVE ORDER - 6

1

## <u>ORDER</u>

2    Therefore, it is hereby **ORDERED** that:

3        • Non-Party GEO Group's Motion to Quash or Modify Subpoenas and for

4          Protective Order (Dkt. 54) **IS DENIED**.

5    The Clerk is directed to send uncertified copies of this Order to all counsel of record and

6    to any party appearing *pro se* at said party's last known address.

7    Dated this 9th day of November, 2022.

8

9                                              ROBERT J. BRYAN
                                               United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER ON NON-PARTY GEO GROUP'S MOTION TO QUASH OR MODIFY SUBPOENAS AND FOR
PROTECTIVE ORDER - 7